GODDARD & SONS v. GUITTAR *et al.*

Garnishment: FRAUD WITHOUT INJURY. Plaintiffs caused defendants to be garnished on the ground that they held property of the attachment defendants. Defendants answered that the attachment defendants executed to them a chattel mortgage to secure a valid debt, and that they had taken and sold the chattels thereunder, but the amount realized did not satisfy their claim. Plaintiffs replied that said mortgage was procured ·by fraud, whereby the attachment defendants were induced to execute it in the belief that they were to retain possession of the chattels, and that one purpose of the fraud was to deprive the mortgagors of the opportunity of paying plaintiffs' claim. *Held* that this reply was properly stricken from the files because—

   (1) Since defendants' claim was a valid one, and the attachment defendants intended to execute a valid mortgage to secure it, and it does not appear that the chattels were worth more than the amount of the claim secured, but rather less, plaintiffs were in no way damaged by the alleged fraud.

   (2) If the attachment defendants were injured by the alleged fraud, such injury was no ground of complaint on the part of plaintiffs.

*Appeal from Pottawattamie District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MAY 16, 1890.

THIS is a proceeding by garnishment, whereby plaintiffs, as attaching creditors of Skelton & Rice, seek to charge the garnishees, on the ground that they hold property of defendants in attachment. A motion to

strike the pleading of plaintiffs, controverting the garnishees' answer denying their liability in the proceeding, was sustained. Plaintiffs appeal.

*Sapp & Pusey*, for appellants.

*Wright, Baldwin & Haldane*, for appellees.

BECK, J.—I. The plaintiff, upon an attachment, issued in an action against Skelton & Rice, caused the garnishees in the case to be served with process of garnishment. They answered, alleging that, prior to the commencement of plaintiffs' action, the defendants executed to them a chattel mortgage upon a stock of merchandise, of which defendant took possession under the mortgage, before the issuing of plaintiffs' attachment, and proceeded to foreclose the mortgage by notice and sale, and applied the money realized thereon upon the debt secured by the mortgage, a balance remaining unpaid, as the amount realized by the foreclosure was less than the debt. The plaintiff filed an answer alleging that the garnishees induced the debtors to execute the mortgage by false and fraudulent representations, to the effect that the garnishees would, upon the performance of certain conditions, among which was the retiring of Rice from the firm, permit Skelton to retain the possession of the goods, and would assist him to go on with the business until the maturity of the notes secured by the mortgage, and that the debtors were induced by these and other false representations to sign the mortgage without reading ; and, therefore, they did not know that the mortgagees had the power, under the mortgage, to take possession of the goods. It is alleged in the answer of the plaintiff that the garnishees failed to keep and perform these promises, though the debtors did fulfill the conditions upon which these promises were made. Plaintiffs charge that the mortgage was obtained for the purpose of depriving the debtors of the opportunity of paying plaintiffs' claim, and is, therefore, fraudulent as to them, as well as to the debtors,

and is null and void. The garnishees moved to strike out the answer of plaintiffs, on the ground that it set up no facts avoiding the mortgage. The motion was, we think, rightly sustained.

II. It is not shown or alleged that the mortgagors were not indebted to the garnishees, nor is it alleged that the mortgagors did not intend to execute a mortgage on the property to secure the garnishees' claim. On the contrary, we are authorized to infer, from the allegations of the answer of plaintiffs, that it was the purpose of the mortgagors to execute a valid mortgage on the goods. The point of complaint of plaintiffs is that the terms and conditions of the mortgage were fraudulently concealed from the mortgagors, and the representations and promises inducing the execution of the mortgage were false.

III. It cannot be denied that, had the mortgage been executed without the representations, promises and concealments alleged in plaintiff's answer, it would have been a lien upon the goods, and would have held them, as against plaintiffs' claim. It is not alleged that the goods exceeded in value the amount of the garnishees' claim. As they sold for less, the inference is that they were of less value. Therefore, it clearly appears that plaintiffs' condition now is not different from what it would have been in the absence of the fraudulent acts of which they complain, and which must be regarded as admitted by the motion. The case is one in which alleged fraudulent acts caused no possible injury or prejudicial effects upon the rights or property of plaintiffs. They are, therefore, entitled to no remedy based thereon.

IV. It may be possible that Skelton, or Skelton & Rice, sustained injury and prejudice by the acts of the garnishees complained of by plaintiffs, and, upon the facts, are entitled to a remedy against the garnishees. But plaintiffs cannot recover for the wrongs they suffered. These views lead to the conclusion that the district court rightly decided the case. The judgment is, therefore, AFFIRMED.