## O'HARE v. LEONARD.

1. Practice: SIGNING OF RECORD. The failure of the judge to sign the record does not affect the binding force of an order made during the term dismissing an appeal.

2. Stamps: CASE FOLLOWED. *Hugus* v. *Strickler*, *ante*, followed, as to the power of the court to permit a notice of appeal to be stamped after the appeal is otherwise perfected.

3. —— ACT CONSTRUED. Section 163 of the stamp act of June 30th, 1864, relates to instruments executed before that time, and the power there given does not extend to instruments thereafter made.

*Appeal from Floyd District Court.*

WEDNESDAY, JANUARY 17.

IN November, 1864, the appeal in this cause (being an appeal from a justice's judgment) was dismissed, because there was no United States revenue stamp affixed to the process by which it was transferred to the District Court. In May, 1865, the appellant moved to reinstate the case, because the " transcript was then stamped ; because it was

erroneously dismissed, and because a stamp was not necessary." Appellee (the plaintiff) objected to any action being taken on said motion, and resisted the application. The motion to reinstate was sustained, plaintiff excepted and prosecutes this appeal.

*Starr & Patterson* for the appellant.

*H. O. Pratt* for the appellee.

WRIGHT, J. — Appellee insists that there was no error in reinstating the case, for the reason that the judgment of

1. PRAC- TICE: sign- ing of record.

dismissal was not operative, inasmuch as the records of the November Term were not signed by the judge. By section 2665 of the Revision, however, it is provided that the delay to sign the records shall not prevent an execution from issuing, and that all other proceedings may take place as though the record had been approved and signed. Plaintiff was, therefore, as fully entitled to his *procedendo*, to carry out the order of dismissal, as though the record had been signed. There is no suggestion that the court found the order of November, 1864, improper or incorrect, but it is manifest that the case was reinstated because of a difference of opinion (there was a change of judges in the meantime) as to the necessity of a stamp on the appeal process.

The question then is, whether this process could be *post* stamped, or stamped after the appeal was once dismissed,

2. STAMPS: case follow- ed.

so as to give appellant a standing in court. This precise question (even more favorable for appellee than in this case, for there was no question as to the right of the court to take cognizance of a cause at a term after it was dismissed) was before us at the present term, in the case of *Hugus* v. *Strickler, ante,* 413, and it was there

held that the process could not be thus stamped. Following that case, it results that the court below erred in reinstating the case, and that the appeal was properly dismissed. It is proper to state that section 163 of the stamp act of June 30, 1864, relates to instruments made before that time, and that the power there given to the courts, &c., does not extend to instruments thereafter made.

3. —— act construed.

Reversed.