## CASE v. PLATO ET AL.

1. **Judgment:** EVIDENCE OF: COURT RECORDS. It is essential to the validity of a judgment that it should be entered upon the record book of the court, provided for by subdivision 1, of section 197 of the Code, that being the book in which, in the contemplation of the statute, all the proceedings of the court are recorded, and from which the entries in the judgment docket, and other books required to be kept, are made.

2. ——: ——: ——. Where the record book contained an entry of judgment in an action for a blank amount as damages and a specified amount of costs, it was held that the judgment could be enforced only to the amount of such costs, although the judge's calendar contained the statement, " clerk to assess," and the judgment docket showed a judgment for both damages and costs.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, JUNE 15.

On the 6th day of August, 1874, George M. Carson executed to the defendant Plato a mortgage upon certain premises in controversy to secure the sum of $1,000, with interest at ten per cent. In October, 1876, judgment was rendered in favor of Plato against Carson for $1,106.38, and costs, and an attorney's fee, and for a foreclosure of the mortgage. The property was sold on special execution, and Plato became the purchaser for $1,246.60. On the 8th of August, 1877, Plato assigned his certificate of purchase to the plaintiff for $1,336.64, and on the 9th day January, 1878, the sheriff executed to the plaintiff a deed for the premises. The plaintiff in his petition alleges that prior to the execution of the mortgage, on the 17th day of April, 1872, a judgment was rendered in favor of Warder, Mitchell & Co., against George M. Carson, for $4.95 costs; that on June 26th, 1873, Carson paid said judgment for costs; that on the 13th day of July, 1876, Plato, under the supposition that the judgment was still unsatisfied, bought the same from one S. W. Matteson,

then pretending to be the owner thereof; that after the assignment of the sheriff's certificate to this plaintiff, and after the execution of the sheriff's deed, Plato, pretending that said judgment was for damages as well as for costs, and that $191.87 was still due thereon, caused execution to issue and on the 13th day of April, 1878, purchased the premises at sheriff's sale and obtained a certificate of purchase; that Plato now claims said judgment is a lien on the premises prior to the title of plaintiff. The plaintiff prays that his title be declared paramount to the lien claimed by Plato, and that if anything be found due Plato thereon the plaintiff be permitted to redeem. The defendants claim that there is due on the judgment in favor of *Warder, Mitchell & Co. v. George M. Carson,* $192.87, with interest at 10 per cent from April 13, 1878. The court denied the prayer of plaintiff's petition, except so far as to allow him to redeem from the sale under the defendant's execution. The plaintiff appeals.

*Cooley, Fannon & Akers,* for appellant.

*L. Bullis,* for appellees.

DAY, J.—The judgment record in the case of *Warder, Mitchell & Co. v. George M. Carson* is as follows: "And
1. JUDGMENT: now, on the 17th day of April, 1872, this cause
evidence of:
court records. comes on for a hearing; the plaintiff appears by G. W. Patterson, Esq., his attorney, but defendant, although duly and personally served with notice of suit, as by law required, comes not, and herein makes default. It is, therefore, adjudged that the plaintiff do recover of defendant herein, ——— damages, with interest at the rate of ——— per cent per annum, and $4.95 dollars, costs of suit, and that execution issue therefor." The court calendar for the same case contains the following entry: "Second day; default as to G. M. Carson, clerk to assess. Continued as to other de-

fendants." In the same case the judgment docket contains the following entry:

| Date. | Damages. | Costs. | Int. |
|-------|----------|--------|------|
| April 17, 1872 ............... | $ 265.00 | $ 16.95 | 10 p. ct. |

The question involved is whether the records show that any judgment was rendered against Carson for more than $4.95 costs. The appellee insists that the entries upon the judgment docket, judgment record and court calendar, show that a judgment was entered against Carson for $265.00 damages, and $16.95 costs. The books required to be kept by the clerk of the court, and which, in connection with the original papers, constitute the records of the court,. are the record book, the judgment docket, the fee book, the sale book, the complete record, the incumbrance book, the appearance docket· and the index of liens. See Code, § § 196 and 197. The court calendar is kept for the convenience of the judge, but does not, under the sections referred to, constitute a part of the record. The clerk is required to keep, "1. A book containing the entries of the proceedings of the court, which may be known as the 'record book,' and which is to have an index referring to each proceeding in each cause under the name of the parties, both plaintiff and defendant, and under the name of each person named in either party. 2. A book containing an abstract of the judgments, having in separate and appropriate columns the names of the parties, the date of the judgment, the damages recovered, costs, the date of the issuance and return of execution, with the entry of satisfaction and other memoranda, which book may be known as the 'judgment docket,' and is to have an index like that required for the record book." Section 2864 of the Code provides: "All judgments and orders must be entered on the record of the

court and must specify clearly the relief granted, or order made in the action." Section 176 of the Code provides: " The clerk shall, from time to time, read over all the items made of record in open court, which, when correct, shall be signed by the judge." It is apparent from the foregoing provisions that it is essential to the validity of a judgment that it should be entered upon the record book. This is the book in which a statement of the proceedings of the court is kept, and to which appeal must always be made to determine what has been done. The theory of the law is that it is kept under the direction and supervision of the judge, is approved by him, and constitutes the only proof of his acts. The judgment docket is a mere abstract of the judgment, and it is contemplated that it shall be made up from a judgment previously entered in the record book. The entry in the record book being blank as to the amount, it does not appear that any judgment was entered except for the costs, $4.95. It appears from the entries in the judgment docket that the clerk has retained in his hands amounts made on execution more than sufficient to satisfy the judgment for costs. On the case made the court should have granted the relief prayed and declared the plaintiff's title paramount to the defendant's lien.

REVERSED.