TRAER BROS. v. WHITMAN ET AL.

1. **Judgment:** COURT RECORDS: JUDGE'S CALENDAR. A judge's calendar is not a part of the court records, and an entry therein will not constitute a judgment.

2. ———: WHAT CONSTITUTES: SIGNING OF RECORDS. A decree which is signed by the judge in vacation and entered of record by the clerk constitutes a valid judgment, although the record is not signed by the judge.

3. **Judicial Sale:** EQUITABLE JURISDICTION: SALE WITHOUT REDEMPTION. While execution sales under judgments are subject to redemption, a court of chancery may in a proper case order an absolute sale of property without redemption.

4. **Judgment:** COLLATERAL ATTACK. A decree, though erroneous in granting relief not prayed for, cannot be collaterally attacked where the court had jurisdiction.

*Appeal from Benton Circuit Court.*

SATURDAY, JUNE 18.

ACTION in chancery to restrain defendants from taking and removing a portion of a crop of corn raised upon lands the title of which, plaintiffs allege, they acquired by sale upon execution. The cause was submitted to the Circuit Court upon an agreed statement of facts, and plaintiffs' petition was dismissed; they appeal to this court. The facts of the case appear in the opinion.

*J. C. Traer* and *W. C. Connell*, for appellants.

*J. D. Nichols*, for appellee.

BECK, J.—I.   The plaintiffs allege in the petition that they purchased certain lands upon an execution issued upon a decree in their favor against defendants, which directed the property to be sold without the right of redemption.   The decree was entered in an action in chancery brought by plaintiffs, wherein it was charged in the petition that plaintiffs and others had recovered certain judgments against one of the defendants, who had fraudulently conveyed the property to the other defendant to defeat the collection of these judgments.   The defendants in that action are defendants in this. It is shown in the petition that plaintiffs have received a sheriff's deed, the sale having been made without redemption in pursuance of the decree; that the land is cultivated by a tenant, and a part of the crop of corn is due from him as rent, and is now ready to be gathered, and that defendants are endeavoring to take and remove the rent corn, which, plaintiffs claim, belongs to them.   It is shown that defendants are insolvent.   An injunction restraining defendants from taking the corn is prayed for in this petition, and general relief is asked.

The answer among other matters alleges that the action in which the decree was rendered, under which plaintiffs claim to have acquired title to the land, was tried April 5, 1879, when the judge of the court made in his calendar an entry as follows: "Judgment and decree as prayed for in petition and petition of intervention, at defendant's costs.   Defendant excepts"; that after the adjournment of the court plaintiffs prepared the decree, inserting therein that the land should be sold without redemption, and presented it to the judge in vacation, who signed it seven days after the adjournment of the court, and that the decree has not been approved by the court.   The agreed statement of facts shows that the decree

Traer Brothers v. Whitman.

was in due time, after it was signed by the judge, entered of record. These facts, with others alleged in the answer above set out, which are established by the agreed statement of facts, present the objection raised by defendants to the validity of the decree, the controlling point in the case.

II. Counsel for defendants insists that the entry made by the judge in his calendar is to be regarded as the judgment in the case, and the decree signed by the judge and enrolled by the clerk is void, at least as to the provision authorizing sale without redemption. In the first place the calendar of the judge is not a record of the court. See Code, sections 2747, 196, 197. It is simply for the use of the judge in entering memoranda intended for the guidance of the clerk in entering orders and judgments. Upon its face the entry does not purport to be a judgment; it cannot be so regarded.

1. JUDGMENT: court record: judge's calendar.

The decree, in accord with a practice followed by many of the courts of this State, was signed by the judge; this is often done in vacation. While the decree, after being signed and before it is enrolled, is not regarded as the judgment of the court, it has the effect of a direction to the clerk as to the form and substance of the judgment to be entered by him. In the case before us the clerk was authorized upon filing of the decree to enter it of record, when it became the judgment of the court. The statute authorizes the entry of judgments in vacation when it is not practicable to prepare them during the term. Code, section 177. A judgment is valid though the record thereof be not signed by the judge. *O'Hare v. Leonard,* 19 Iowa, 515; *Childs v. McChesney,* 20 Iowa, 431. This decree, being duly entered in the proper record, must be regarded as the judgment in the case, and if the court possessed jurisdiction to render it, must be regarded as valid, and the execution and sale thereon must be considered as sufficient to pass the title to the land.

2. ——: what constitutes: signing of record.

III. It is urged that the court had no authority to direct

the sale of the land without redemption, and that no such relief was claimed in the petition. Sales upon executions issued upon judgments are subject to redemption. But we presume a case may occur wherein the court of chancery would have authority to order an absolute sale. This would be so in case of assent of parties, and may be so under peculiar contracts which could not otherwise be enforced, so that full relief would be granted. We have no doubt that cases may arise wherein absolute sales upon the order of the court of chancery would be authorized by the law. The court below, it will be seen, having jurisdiction of the subject-matter, and of the parties, and having authority to order, in proper cases, absolute sales, did not, in making the order in the case, act without jurisdiction. It may be conceded, for the purpose of this case, that the order is erroneous, but it is not void. It, therefore, cannot be assailed, as is attempted in this case, by a collateral attack.

**3. JUDICIAL sale: equi'table jurisdiction : sale without redemption.**

IV. The objection that plaintiffs' petition does not claim relief by the sale of the property without redemption, if admitted to be well taken, cannot be argued to defeat the judgment in this collateral attack. The court having jurisdiction of the persons of defendants and the subject-matter, may have erred in granting relief not prayed for, but the error in this collateral proceeding is not a ground upon which the decree may be held to be void.

**4. JUDGMENT: collateral attack.**

We reach the conclusion that the Circuit Court erred in dismissing plaintiffs' petition. Its judgment, therefore, is reversed, and the cause is remanded for a decree in accord with this opinion.

REVERSED.