### THE STATE v. MANLEY.

1. **Criminal Procedure**: DISMISSAL OF CAUSE: FACTS NOT CONSTITUTING. Where the district judge, mistaking the identity of a criminal cause, made a memorandum of dismissal in his calendar, and made a verbal announcement to the same effect; but, before any entry had been made of record, the judge discovered his mistake, erased the memorandum and announced that the cause would stand for trial, *held* that there was no dismissal of the cause—the record alone being competent evidence of the court's action, and the judge's calendar entries being in the nature of a private memorandum only.

*Appeal from Mahaska District Court.*

WEDNESDAY, APRIL 23.

THE defendant was convicted of the crime of larceny, and sentenced to imprisonment in the penitentiary. He appeals.

No appearance for the appellant.

*Smith McPherson, Attorney-general,* for the State.

ADAMS, J.—The defendant claims that the court lost jurisdiction of the case by reason of having previously dismissed it. The defendant upon a plea of guilty had already been convicted of larceny in another action. The court, believing that the transaction was the same as that in the case at bar, made a memorandum in its calendar to the effect that the case was dismissed, and made a verbal announcement to the same effect. Afterward, and before any order had been entered

of record, the court, discovering its mistake, erased the calendar entry, and announced that the case would stand for trial, and no order of dismissal was ever entered of record.

In our opinion the case was never in fact dismissed. The record constitutes the evidence of the action of the court, whether the action be in the form of an order or judgment. The calendar is in the nature of a private memorandum book, designed to promote merely the convenience of the judge and the clerk. It is not a record provided by law, and the entries are often of the briefest and most informal character. What precedes the entry of record is the mere announcement of the judge's mental conclusions, and is not the court's action. *Case v. Plato*, 54 Iowa, 64; *Miller v. Wolf et al., ante,* p. 233. We see no error and the judgment must be

AFFIRMED.