JAMES R. BAXTER v. WILLIAM C. PRITCHARD AND JOHN
H. PRITCHARD, Appellants.

**Fraudulent Conveyances:** ADEQUACY OF CONSIDERATION. When there
was a first mortgage on land for three thousand dollars, a sec-
ond for one thousand one hundred and fifty dollars, and a
judgment for four hundred and sixty-three dollars, and the sec-
ond mortgage was discounted one hundred and forty-five dol-
lars, and plaintiff, a creditor of the mortgagor refused a third
mortgage to secure his debt, a conveyance by the mortgagor to
defendant, as a payment of the encumbrances, could not be
said to be fraudulent on account of inadequacy of consideration.

EVIDENCE OF JUDGMENT: *Record book and judgment docket,* Under
Code, section 3784, requiring that all judgments be entered on
the record of the court; and section 288, requiring the proceed-
ings of the court to be entered in the record book, and that a
judgment docket shall be kept containing an abstract of all
judgments—a judgment was not properly proved by producing
the judgment docket, but the record book or a certified copy
thereof should have been produced.

PROOF OF INSOLVENCY: *Insufficient return of writ.* In an action
to set aside a conveyance by an alleged insolvent debtor, his
insolvency was not proved by the writ reciting that "This writ
came to my hands January 28; no property being found this
writ is returned unsatisfied"; and signed, "J. H. G."————
since, if it assumed that the writ related to the debtor, it did
not show that he had not property sufficient to satisfy the debt,
or that it was returned by one having authority.

*Appeal from Ida District Court.*—HON. Z. A. CHURCH,
Judge.

THURSDAY, APRIL 11, 1901.

PLAINTIFF, for cause of action, alleges, in substance,
as follows: That on September 21, 1897, he recovered judg-
ment against John H. Pritchard for $1,381 debt and $63.91
costs; that on the twenty-first day of January, 1898, an exe-
cution was issued thereon to the sheriff of Ida county, where
John H. Pritchard resided, which was returned, "No prop-

erty found"; that on the twenty-ninth day of January, 1897, after the indebtedness for which said judgment was rendered was contracted, John H. Pritchard made a pretended conveyance of a certain 160 acres of land in Ida county to William C. Pritchard, "with the intent to hinder, delay, and defraud the plaintiff in the collection of said judgment, and the said William C. Pritchard, defendant, took such conveyance with like intent, and without any consideration paid therefor." Plaintiff asks that said conveyance be set aside, that his judgment be declared a lien and that he have special execution. The defendant William C. Pritchard alone answers. He denies that plaintiff has a judgment as alleged, denies that execution was issued and returned as alleged, and denies any intent to defraud, and alleges, in substance, as follows: That there were two mortgages on the land, one for $3,000, of which $2,000 was a first lien, and one for $1,150; also a judgment in favor of Noah Williams for $463.69; that suit was pending by this plaintiff against this defendant to set aside a conveyance made to defendant by his father, Joseph Pritchard; that Joseph Pritchard was surety for John H. Pritchard in an amount then unknown to defendant; that the deed in question was taken subject to said mortgage and judgment liens, and for the purpose of protecting this defendant from any liability that might come against him in said suit, and for the purpose of protecting Joseph Pritchard as such surety out of any residue that might remain above the amount of said incumbrance. He alleges that he "was to take the title to said property, to use, care for, sell, or dispose of the same, as in his judgment might seem best, in order to carry out said purposes." He shows that he has since become the owner of said second mortgage and the judgment; that he has paid $91 interest on the first mortgage, and $40 taxes on the land; and alleges that he was compelled to pay $35 costs in said suit, and that he has incurred $400 expenses in looking after the land. He askes to be dismissed, with costs. Decree was rendered in

favor of plaintiff. Defendant William C. Pritchard appeals.—*Reversed.*

*Duffle, Gaines & Kelby* for appellant.

*Charles S. Macomber* for appellee.

GIVEN, C. J.—I. Plaintiff's allegation that he had a judgment against John H. Pritchard, and that execution thereon had been returned, "No property found," being denied, the burden was on the plaintiff to prove these essential facts. The only evidence introduced to show that plaintiff had a judgment was the judgment docket, and to this the defendant objected, and his objections were overruled. Code, section 3784, requires that "all judgments and orders must be entered on the record of the court." Section 288 requires the "proceedings of the court to be entered in the record book," and provides for keeping a "judgment docket," containing an "abstract of the judgment." The record book is the best evidence of a judgment, and it, or a certified transcript thereof, is alone admissible to show a judgment, where no foundation is laid for introducing secondary evidence. See *Moore v. McKinley,* 60 Iowa, 367; *Case v. Plato,* 54 Iowa, 64, *Winter v. Coulthard,* 94 Iowa, 312, and *Balm v. Nunn,* 63 Iowa, 645. A judicial record of this state may be proved by the production of the original or certified copy thereof. Code, section 4644.

The only evidence to show that John H. Pritchard was insolvent is this : "State of Iowa, Ida County. This writ came in my hands for service January 28, 1898. No property being found, this writ is returned unsatisfied. J. H. Gimmell." If we may presume that this was an execution against John H. Pritchard, still it does not appear to be returned by any one having authority to execute such writs. We may not infer that John H. Pritchard was insolvent because of the indebtedness that appears against him, as it is not shown that he had not property sufficient to pay his

debts . It is certainly clear that the plaintiff failed to establish as a fact, by the proofs required, that he has a judgment against John H. Pritchard, or that John H. Pritchard was insolvent.

II. There is no evidence of the alleged intent to hinder, delay, and defraud, unless it may be inferred from the consideration being inadequate. The consideration was the payment of the existing incumbrance, which at the time of the conveyance amounted to over $3,600, exclusive of interest. John H. Pritchard gives the value of the land as $3,200, and in this he is confirmed by the fact that defendant purchased the second mortgage at a discount of $145, and plaintiff refused a third mortgage to secure his debt. We think it clear that the incumbrances more than equalled the value of the land, and therefore no intent to defraud is shown. See *Goddard v. Guittar,* 80 Iowa, 129; *Aultman v. Heiney,* 59 Iowa, 654. For the reasons stated, the decree is REVERSED.