JAMES BEATTY v. M. A. ROBERTS, Judge of the District Court.

**Intoxicating liquors:** PROCEEDINGS FOR CONTEMPT: PLEA OF GUILTY, In a proceeding to punish defendant for violating a decree restraining illegal sales of liquor, a plea of guilty in consideration that the attorneys for the prosecution recommend the minimum fine, cannot thereafter be withdrawn on the courts imposing a greater fine, in the absence of a showing of deception or inducement to so plead.

**Plea of guilty:** EVIDENCE OF.    The recital in a judgment imposing a fine for violating an injunction, that accused admitted the violation and is fined a certain sum, is sufficient evidence of a plea of guilty.

**Punishment for contempt:** DISCRETION.    The court will not be presumed to have abused his discretion in imposing a fine of $400.00 for violating an order restraining illegal sales of liquor, though mistaken in the conclusion that it was a second offense.

**Withdrawal of plea of guilty.**    One charged with violating a decree restraining illegal sales of liquor, cannot withdraw a plea of guilty after the court has pronounced judgment in its written opinion.

FRIDAY, NOVEMBER 18, 1904.

THE plaintiff was found guilty of violating a permanent decree of injunction, and to test the legality of the proceedings sued out a writ of *certiorari* in this court.— *Dismissed.*

*Jaques & Jaques,* and *Smith & Lewis,* for appellant.

*E. F. Simmons,* for appellee.

LADD, J.— Most of the questions raised by the record
have been settled against the plaintiff's contentions in *Bren-
nan v. Roberts,* Judge, 125 Iowa, 615.   It appears, however,
that, instead of proceeding to trial, the parties, on the 8th
of August, 1903, entered into a stipulation "that, in con-
sideration of a plea of guilty on the part of said defendant
to be entered by the Hon. M. A. Roberts at the close•of the
hearings on the information now pending before him, that
said cause shall be passed until the close of said hearings,
and said plea entered, and fine assessed at that time, which
shall be not later than August 15th, 1903; and in considera-
tion of the saving of costs and time by reason of said plea
attorneys for plaintiff agree to recommend said judge the
minimum fine under the statute be imposed in said case."
On the 15th of August the judge filed a written opinion
reciting the recommendation, but declining to follow it, on
the ground that the accused had been found guilty of violat-
ing the same injunction on the 4th of July, 1902.   In this
opinion he stated that the accused "now admits that he took
his chances of the second fine for violation of the same
injunction by keeping his place of business open on the 4th
day of July, 1903.   My conclusion is that he should be
fined $400 and costs, including an attorney's fee of $15."
Directions were then made for the preparation of the judg-
ment entry.   On the 28th of August the accused moved
that he be awarded trial on a plea of not guilty, on the
ground that he was induced to sign the stipulation on the
assurance of the attorneys for the prosecution that the fine
would not exceed $200, and that he so understood the stipu-
lation; that he never in fact pleaded guilty to the charge,
and was not guilty.   This motion was overruled, and an
appropriate order signed and entered of record.   All the
attorneys stipulated was that they would recommend the
minimum penalty.   They could do no more, as the accused
must have known, for the amount of the fine was exclusively
for the determination of the judge.   No claim is made that

he held out any inducements whatever for a plea of guilty. Moreover, the allegations of the motion are unsupported by any evidence, in the absence of which deception is not to be inferred.

But it is insisted there was no plea entered. The recital of the written opinion of what occurred is to the contrary.

Again, it is urged that the statement concerning the imposition of a previous fine is without support in the evidence. Doubtless it was within the personal knowledge of the judge. The accused did not take the trouble to correct the mistake, if such there was. In any event, the judge was not bound to announce the reasons for his conclusion, and can hardly be thought to have abused his discretion in imposing the fine he did for desecrating the national holiday by the open and public violation of law.

But it is said that the accused had the right to withdraw the plea of guilty at any time before judgment. See *State v. Hortman*, 122 Iowa, 104. Whether this proceeding is so far criminal in its nature that section 5337 of the Code, providing that "at any time before judgment the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted," is applicable, we need not determine, for, in any event, the judgment as therein understood has reference to the pronouncement by the court, rather than the entry thereof in the records. This is manifest from section 5432, requiring that, "when judgment is pronounced, if the conviction be for a felony, the defendant must be personally present." The judgment was pronounced in the written opinion, and the attempt to change the plea made long afterwards.

The record is without error, and the writ of *certiorari* is *dismissed*.