F. M. COOLEY, Plaintiff, v. W. S. AYRES, Judge, Defendant.

JUDGMENT: Conclusiveness—Non-Modification by Collateral Record—Certiorari—Intoxicating Liquors. The date of a judgment may not be controlled by a collateral record relating thereto.

PRINCIPLE APPLIED: Proceedings were instituted to en-
join defendant from the unlawful sale of intoxicating liquors.
A hearing was had. On the calendar appeared the following,
to wit: "Trial and decree as per entry to be signed." The de-
cree was entered on the record book January 26th, and bore said
date, to wit, January 26th. Further proceedings were institut-
ed on January 26th of the same year to punish defendant for a
violation of the said decree. A hearing was had. If defendant
was guilty, it was on a sale made on January 22d. Defendant
was convicted. He instituted certiorari. The return by the
court to the writ recited that the hearing on the application for
an injunction was held on January 13th, and that the court
then orally announced that the decree would be granted, and
the aforesaid entry was made on the calendar.

Held, this recital could not control the date of the decree,
and, as the sale in question was *prior* to the existence of the
injunctional decree, the defendant therein must be discharged.

JUDGMENT: Entry, Record, Etc.—When Judgment Exists. Prin-
2  ciple recognized that no judgment can exist until the same is
   entered on the record book.

*Certiorari from Polk District Court.*—W. S. AYRES, Judge.

TUESDAY, JUNE 26, 1917.

ON information duly filed, the plaintiff was convicted
of having violated a liquor injunction, and in certiorari pro-
ceedings, contests the validity of such conviction.—*Judg-
ment Annulled.*

*E. S. Thayer,* for plaintiff.

*George A. Wilson,* for defendant.

LADD, J.—The county attorney, in the
1. JUDGMENT:  name of the state, filed a petition praying
conclusiveness:
non-modification  that the plaintiff herein be enjoined from
by collateral
record: cer-  maintaining a liquor nuisance. The de-
tiorari: intoxi-
cating liquors.  fendant answered, and a written decree,
signed by the trial judge, purporting to be
rendered on January 26, 1916, was entered of record. It
recited that:

"Now on this 26th day of January, 1916, the same be-

ing one of the regular days of the January, 1916, term of this court, the application of the plaintiff herein came on for hearing, the State of Iowa, plaintiff, appearing by its attorney, George A. Wilson, county attorney in and for Polk County, Iowa, and the defendant, F. M. Cooley, appearing in person and by his attorney, F. T. Van Liew."

Following this are the findings and formal decree. On the same day, an information charging plaintiff herein with having violated the decree of permanent injunction by unlawfully selling intoxicating liquors on January 22d, previous to the entry of said decree, was signed, and a trial had on March 6th following, at which he was adjudged guilty of contempt, and a fine of $500 imposed. He then sued out a writ of certiorari, to which the trial court filed his return in due time. Therein he recited that the hearing was had on January 13, 1916; that, upon submission, he on that day orally announced that the decree would be entered as prayed. This memorandum appears on the calendar: "Trial and decree as per entry to be signed." A transcript of the evidence was included in the return. The points raised by the petition are: (1) That there was no competent evidence that plaintiff herein ever violated the injunctional decree; (2) that the court should not have received the affidavit of one Gilliam in evidence, when plaintiff herein demanded that the witness be orally examined as a witness; (3) that said affidavit was not admissible as evidence; and (4) that the recitals in the affidavit, if true, were not sufficient to support the conviction.

Only the first point need be considered. The decree was entered January 26, 1916, four days after the contempt is alleged to have been committed. No other record entry is before us. True, the presiding judge recites in his return that the hearing occurred January 13th previous; and, if this were so, his announcement in the hearing of defendant that a decree would be entered as prayed would

sufficiently apprise him without the service of the writ. *Coffey v. Gamble,* 117 Iowa 545; *Hawks v. Fellows,* 108 Iowa 133; *Milne v. Van Buskirk,* 9 Iowa 558.

2. JUDGMENT: entry, record, etc.: when judgment exists.

But is the mere certificate of the presiding judge that the hearing was had at a date other than recited in the decree sufficient to overcome the latter? Of course, the notation on the judge's calendar does not constitute the judgment or decree, but is, ordinarily, a mere reminder or direction to the clerk of the court to enter the same. *Towle v. Leacox,* 59 Iowa 42; *Winter v. Coulthard,* 94 Iowa 312; *Kennedy v. Citizens' Nat. Bank,* 119 Iowa 123; *Martin v. Martin,* 125 Iowa 73. Here, it indicated only that a decree to be signed was to be entered. It is not a part of the record. *Case v. Plato,* 54 Iowa 64. *Traer Bros. v. Whitman,* 56 Iowa 443; *State v. Manley,* 63 Iowa 344. And, as between the memorandum on the calendar and the entry in the record book, the latter governs. *Traer Bros. v. Whitman,* supra; *Christie v. Iowa Life Ins. Co.,* 111 Iowa 177.

Nor can it be said that evidence of an oral announcement of the judge is entitled to any more weight than his memorandum thereof in the court calendar. All previously said is merged in the decree as spread on the record book, and, as said in *Balm v. Nunn,* 63 Iowa 641:

"There can be no judgment until it is entered in the proper record of the court. It cannot exist in the memory of the officers of the court, nor in memoranda entered upon books not intended to preserve the record of judgments. * * * It is not competent to prove a judgment in any other way than by the production of the proper record thereof."

*Martin v. Martin,* 125 Iowa 73; and see *Callanan v. Votruba,* 104 Iowa 672, where the court said:

"It is not competent to prove a judgment in any other

way than by the production of the proper record thereof."

See *Kennedy v. Citizens' Nat. Bank,* 119 Iowa 123, where the court said:

"While in one sense a judgment is 'rendered' when it is announced by the judge, yet, until that judgment is entered of record, there is no competent evidence of such rendition. It cannot exist or be dependent upon the memory of the officers of the court or in memoranda not embraced in the record, which the law provides shall be made."

The only competent proof, then, that judgment was rendered is the record thereof, and that conclusively shows that the decree was rendered the same day it was entered of record, January 26, 1916, or four days subsequent to the sale of the pint of whisky. In *McGlasson v. Scott,* 112 Iowa 289, the court held it to have been an error to receive any evidence of the decree other than the record or an authenticated copy thereof. A decree properly entered should indicate the time, place, parties, matters in dispute, and the result. *Barrett v. Garragan,* 16 Iowa 47; *Church v. Crossman,* 41 Iowa 373; *Coffey v. Gamble,* 117 Iowa 545. This so did, and there is no warrant in the record for saying that there was a hearing or trial prior to that recited in the decree. The function of the return is to bring the record, as made, before this court, and to correct the same, and, in so far as the return conflicts with the record, it must be disregarded. We do not say that a case may not be heard on a particular day and decree entered on another, or that, on application, the record might not have been corrected to show the facts. What we do hold is that the record of the decree duly entered is conclusive as against extraneous evidence, such as oral evidence, returns to writs, and the like; that, where a decree distinctly recites that there was a hearing on a day named, and decree entered on that day, this is not overcome by a return to a writ of certiorari saying that the hearing occurred at a different time.

It follows that, as there appears to have been no injunction ordered or decreed at the time of the alleged violation thereof, the plaintiff should have been discharged. The judgment of the district court is—*Annulled.*

GAYNOR, C. J., PRESTON, SALINGER and STEVENS, JJ., concur.