## PEOPLE *v.* GOLDMAN.

1. CRIMINAL LAW—MOTION FOR NEW TRIAL AMENDABLE IN DISCRETION OF COURT.

   An amendment of the grounds of defendant's motion for a new trial in a criminal case is permissible only in the discretion of the trial judge.

2. SAME—PLEA OF GUILTY—ERRONEOUS ADVICE OF COUNSEL NOT GROUND FOR NEW TRIAL.

   Erroneous advice of counsel as to the penalty provided by the statute, inducing defendant to plead guilty to a lesser offense, is not ground for granting his motion for a new trial.

3. SAME—MISAPPREHENSION OF APPLICABLE STATUTE NOT SHOWN BY RECORD.

   Defendant's claim, in support of his motion for a new trial, that, in pleading guilty to a charge of assault with intent to rob, being armed with a dangerous weapon, those actively engaged in the case, prosecutor, trial judge, and defendant's then counsel, labored under the misapprehension that sections 15206, 15207, 3 Comp. Laws 1915, were still in force, and that all were ignorant of the fact that both sections had been amended by Act No. 374, Pub. Acts 1927, which, among other things, increased the penalty for assault, *held*, not justified by the record, which shows that the latter act was indorsed on the information.

4. SAME—PRESUMPTION AS TO MISAPPREHENSION.

   Unless forced by the state of the record to the conclusion that all those actively engaged in the case labored under such misapprehension as to the applicable statute, the Supreme Court should not reach such conclusion; there being no presumption to that effect, but all presumptions are to the contrary.

On the general rule as to right to withdraw plea of guilty, see annotation in 6 A. L. R. 696; 20 A. L. R. 1445.

5. SAME—LEAVE TO WITHDRAW PLEA RESTS IN DISCRETION OF COURT. Generally, in the absence of a controlling statute, the granting of leave to withdraw a plea in a criminal case rests in the sound discretion of the trial judge, subject to review only for an abuse of such discretion.

6. SAME—NO ABUSE OF DISCRETION IN DENYING LEAVE TO WITHDRAW PLEA OF GUILTY. Where defendant, represented by counsel, was permitted to withdraw his plea of not guilty to a charge of robbery armed, with intent to kill or maim if resisted, and enter a plea of guilty to a charge of assault with intent to rob, being armed with a dangerous weapon, there was no abuse of the court's discretion in denying defendant's motion for leave to withdraw his plea of guilty after sentence, on the ground that he had been induced to enter said plea of guilty on his counsel's advice that the penalty would be less severe; the record showing that defendant's examination by the trial judge to determine whether his plea of guilty was voluntarily made was complete, full, and searching, and leaving no doubt that it was voluntarily made.

Error to Wayne; Moynihan (Joseph A.), J. Submitted January 18, 1929. (Docket No. 154, Calendar No. 33,984.) Decided January 22, 1929.

Louis Goldman was convicted of an assault with intent to rob, being armed with a dangerous weapon. Affirmed.

*Frederick B. Brown,* for appellant.

*Wilber M. Brucker,* Attorney General, *James E. Chenot,* Prosecuting Attorney, and *P. J. M. Hally, Jr.,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J. Defendant and two others were charged in an information filed in the circuit court for Wayne county with robbery armed, with intent to kill or maim if resisted. The defendants were represented by counsel and counsel of their own

choice, so far as this record discloses. On May 1, 1928, a jury had been impaneled, but no testimony had been taken, when all the defendants asked leave to withdraw their pleas of not guilty and plead guilty of assault with intent to rob, being armed with a dangerous weapon, etc. The trial judge conducted an examination of defendants to determine whether their pleas were voluntarily entered; that of defendant Goldman appears in this record. It was complete, full, and searching, and leaves no doubt on this record that defendant Goldman's plea was voluntarily made; it affirmatively and conclusively established, if believed, that no inducements had been held out to him by anyone. On May 19th, defendant Goldman was sentenced to the Ionia reformatory for a term of 15 to 25 years.

On May 22d, defendant Goldman, through his present counsel, filed a motion to set aside his plea of guilty and the sentence imposed and to grant him a new trial. Accompanying the motion was his affidavit that he was advised by his former attorney that if he was found guilty of the crime charged in the information his sentence would be greater than for an assault with intent to commit the crime, and that his attorney advised him "that deponent's sentence would probably not exceed five years." He also says in his affidavit that he heard the assistant prosecuting attorney say to his attorney that the sentence would probably be 5 to 15 years, or possibly 7½ to 15 years. This was denied *in toto* in an affidavit of the assistant filed in the case.

The motion for a new trial came on to be heard June 16th, at which time defendant's counsel sought to urge as a further ground that defendant Goldman was advised by his former attorney "that the penalty was 15 years in prison," and he offered to call the

former attorney, who had declined to make an affi-
davit, and examine him in open court. The trial
court was of opinion that under section 2, chap. 10,
Act No. 175, Pub. Acts 1927 (criminal code), and
*Nichols* v. *Houghton Circuit Judge,* 185 Mich. 654
(Ann. Cas. 1917 D, 100), it was not permissible to
admit such new ground after the expiration of the
time fixed for moving for a new trial. This ruling
is assailed in the first assignment of error. Quite
likely the court was right in so holding, but we need
not so decide. The most defendant can claim for
the ruling is that the court declined to permit him
to amend the grounds of his motion. Such an amend-
ment was permissible only in the discretion of the
trial judge. The defendant in his affidavit had sworn
to a different claim, and there was little to move the
discretion of the court. But beyond all this lies the
fact that a careful examination of the authorities is
convincing that under the law the result would be the
same whether defendant was so advised by his attor-
ney or not.

Upon the argument in this court, counsel for the
defendant most earnestly contended that it is patent
from the record, and that we should conclude that
all actively engaged in the case, prosecutor, trial
judge, and defendants' then counsel, labored under
a misapprehension that sections 15206 and 15207, 3
Comp. Laws 1915, were still in force, and that all
were ignorant of the fact that both sections had been
amended by Act No. 374, Pub. Acts 1927, which,
among other things, increased the penalty for the
assault. Unless forced to by the state of the record,
we should not reach such a conclusion. No presump-
tion to that effect arises; all presumptions are to the
contrary. If such was the view of any one con-
nected with the case, it was not justified by the

record. The practice of the prosecutor's office in Wayne is to indorse on the information the name of the assistant drafting it, together with the statute claimed to have been violated. This information bore this indorsement:

"Drafted by 'Walling.'
"Statute Act No. 374, P. A. 1927.
"McD"

It is difficult to perceive how everyone in the case could, under these circumstances, be wanting in knowledge, or notice, at least, that Act No. 374 had been enacted, and that it amended the former act.

This brings us to the meritorious question of whether the trial judge was in error in refusing leave to defendant to withdraw his plea of guilty after sentence. In some States by statute defendants may withdraw their plea of guilty at any time before sentence, and possibly this court is committed to that doctrine. *People* v. *Utter,* 209 Mich. 214, 224. That case is relied upon by defendant here, but a reading of the proceedings in the court below, quoted somewhat at length in the opinion, shows that although defendant had formally entered a plea of guilty, from first to last he insisted that he was not guilty and demanded a trial by jury. *People* v. *Merhige,* 212 Mich. 601, is also relied upon, but that case was reversed on the ground that what occurred in the court below did not amount to a plea of guilty (p. 610). *People* v. *Scofield,* 142 Mich. 221, was of like purport. The record before us is much more like *People* v. *Williams,* 225 Mich. 133, and *People* v. *Kobrzycki,* 242 Mich. 44, than any other Michigan cases that have been called to our attention.

Courts quite generally agree that, in the absence of a controlling statute, the granting of leave to

withdraw a plea in a criminal case rests in the sound discretion of the trial judge, subject to review only for an abuse of such discretion. See *People* v. *Pisoni,* 233 Mich. 462; *Greene* v. *State,* 88 Ark. 290 (114 S. W. 477); *State* v. *Stevenson,* 67 W. Va. 553 (68 S. E. 286); *State* v. *Cimini,* 53 Wash. 268 (101 Pac. 891); *State* v. *Olson,* 115 Minn. 153 (131 N. W. 1084); *State* v. *George,* 134 La. 861 (64 South. 800); *Commonwealth* v. *Tucker,* 189 Mass. 457 (76 N. E. 127, 7 L. R. A. [N. S.] 1056); *Reed* v. *Commonwealth,* 98 Va. 817 (36 S. E. 399); *Pope* v. *State,* 56 Fla. 81 (47 South. 487, 16 Ann. Cas. 972); *Mounts* v. *Commonwealth,* 89 Ky. 274 (12 S. W. 311); *State* v. *Garrett,* 78 Kan. 882 (98 Pac. 219). In the last cited case, it was said:

"The voluntary plea of guilty solemnly entered by the defendant while he was duly attended by his counsel was the highest evidence of guilt, and the court did well to weigh with caution the defendant's affidavit, filed after the jury had been discharged for the term, stating that he had looked further into the evidence for and against him and had found that it ought to be submitted to a jury, and that he was innocent. Very clearly the district court did not abuse its discretion in refusing to allow the plea of guilty to be withdrawn."

The clearest statement of the rule we have been able to find is that of the supreme court of California in *People* v. *Miller,* 114 Cal. 10 (45 Pac. 986), where it was said:

"Appellant's contention is that the court abused its discretion in not allowing him to withdraw his plea, interpose a plea of not guilty for the second time, and go before a jury for trial. Before judgment, the court may, at any time, permit this to be done (Pen. Code, § 1018), and the discretion thus

vested is one to be liberally exercised. The law seeks no unfair advantage over a defendant, but is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress, and is considerate in viewing the motives which may influence him to take one or another course. Therefore, it will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was unduly and improperly influenced either by hope or fear in the making of it. But the mere fact that a defendant, knowing his rights and the consequences of his act, hoped or believed, or was led by his counsel to hope or believe, that he would receive a shorter sentence or a milder punishment by pleading guilty than that which would fall to his lot after trial and conviction by jury, presents no ground for the exercise of this liberal discretion.''

See, also, *Beatty* v. *Roberts,* 125 Iowa, 619 (101 N. W. 462); *State* v. *Wilmot,* 95 Wash. 326 (163 Pac. 742); *Mastronada* v. *State,* 60 Miss. 86.

In the instant case there was no abuse of discretion, and the case must be affirmed.

Defendant was admitted to bail pending the hearing in this court, conditioned, among other things, that he would comply with the orders of this court. An order will, therefore, be here entered that defendant shall surrender himself to the warden of the Ionia reformatory forthwith. This is substantially the practice adopted in *People* v. *Merhige, supra,* where the charge was the same as here, and where, as here, the defendant had been admitted to bail.

FEAD, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. NORTH, C. J., and POTTER, J., did not sit.