STATE OF IOWA, Plaintiff, Appellee, v. JOSEPH B. WIELAND, Defendant, Appellant.

No. 42009.

DECEMBER 12, 1933.

REHEARING DENIED APRIL 5, 1934.

Messer & Nolan, for appellant.

F. B. Olsen, County Attorney, and Edward L. O'Connor, Attorney-general, for appellee.

KINTZINGER, J.—In the dusk of the evening of February 20, 1933, defendant, while driving an automobile near Iowa City, in Johnson county, ran into and caused the death of Morgan Hartsock. On February 21, 1933, the state of Iowa filed in the district court of Johnson county, Iowa, a county attorney's information accusing the defendant, Joseph B. Wieland, of the crime of manslaughter in unlawfully killing Morgan Hartsock on February 20, 1933. In a blank space on the information appeared a statement signed by Joseph B. Wieland substantially as follows:

"I understand the nature of the charge against me, and have been advised of my legal rights, which I hereby waive. I have received a copy of the information, and waive reading it. I am guilty as charged in said information. I waive arraignment, time of appearance, and consent that the court pronounce judgment and sentence immediately."

On February 21 he was brought into court and pleaded guilty. Defendant was not represented by any counsel at the trial. When called up for sentence, he admitted signing the statement contained in the information and that the statements therein were true. Thereupon the court, on February 21, 1933, pronounced the following sentence:

"It is the sentence and judgment of this court that you be imprisoned in the State Penitentiary at Ft. Madison, Iowa, for an indeterminate period of time, not exceeding eight years and fined $500.00 and the costs of this action."

This sentence was written on the court's calendar at that time. On the same day it was also transcribed into the criminal appearance docket and fee book No. 6 of Johnson county district court. *The judgment was not entered upon the district court "record book" until February 27, 1933.* On February 21, 1933, an execution was issued by the clerk to the sheriff committing the defendant to the state penitentiary. Under this writ the defendant was delivered to the warden of the State Penitentiary at Fort Madison on February 22, 1933. On February 25, 1933, defendant filed a withdrawal of his "plea of guilty", with his request to enter his plea of "not guilty". On February 28 the court denied him permission to withdraw the plea of guilty and substitute a plea of "not guilty". From this ruling defendant appeals.

I. It is contended that the court erred in refusing to allow defendant to withdraw his plea of guilty and substitute a plea of not guilty in lieu thereof, because the application so to do was filed before the judgment was entered on the court's "record book" as required by statute. Defendant claims this right under section 13803 of the Code because his application to withdraw his plea of guilty was filed before any judgment was entered against him; that the entry of judgment in the "record book" after he had withdrawn his plea of guilty, was void because at that time there was no valid plea upon which a judgment could be entered.

This error directly raises the question as to whether or not the action of the court and clerk on February 21, 1933, constituted a judgment. It is claimed that the pronouncement of sentence by the court together with a written memorandum thereof in the court's calendar does not constitute a judgment, and does not become such until it is entered in the court's judgment "record book" and made a part of the court records. If the action of the court and clerk did not become valid as a judgment until entered on the district court "record book" on February 27, 1933, then defendant had a legal right to withdraw his plea of guilty.

Section 13803 provides:

"At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

The right given to a defendant under this statute is mandatory, and he has an absolute right thereunder to withdraw a plea of guilty at any time before judgment. State v. Henderson, 197 Iowa 782, 198 N. W. 33. And it is error to refuse to allow defendant to withdraw his plea and file another instead. State v. Hale, 44 Iowa 96; Jones v. McClaughry, 169 Iowa 281, 151 N. W. 210; State v. Kraft, 10 Iowa 330.

It therefore becomes necessary to determine whether or not a judge's pronouncement of sentence in a criminal case constitutes a valid judgment before it is entered in the court's "record book", which is made a part of the court records by statute. It is contended by appellant that an oral pronouncement of a sentence by the court and a written memorandum thereof in the court's calendar is not a valid judgment until entered in the court's "record book".

Code, section 11582, provides as follows:

890

"All judgments and orders must be entered on the *record of the court*, and must specify clearly the relief granted or order made in the action." (Italics ours.)

Section 10830 provides that *the court records shall be contained*, among others, in the following books: (1) Record book. *One containing the entries of the proceedings of the court which may be known as the "record book"*, and which is to have an index referring to each proceeding in each cause under the names of the parties. (2) A book containing an abstract of the judgment known as a "judgment docket".

Code, section 13971, provides:

"When a judgment of imprisonment, either in.the penitentiary or county jail, is pronounced, *an execution, consisting of a certified copy of the entry thereof in the record book,* must be forthwith furnished to the officer whose duty it is to execute the same, who shall proceed and execute it accordingly, and no other warrant or authority is necessary to justify or require its execution." (Italics ours.)

The evidence in this case shows without conflict that the execution, or mittimus, issued herein was not issued under authority of section 13971 of the Code because that section requires a certified copy of the entry of the judgment in the "record book" to be furnished the officer executing the commitment. No such copy of the entry in the "record book" could have been furnished on February 21 because *no such entry was made in that book until February 27, 1933.* Section 11582 provides that *all judgments and orders must be entered on the "record of the court",* and must specify clearly the relief granted or order made in the action.

These statutes clearly imply that all judgments and orders must be entered in the court's "record book" and must clearly specify the relief granted or order made in the action. It is the settled rule of law in this state that it is essential to the validity of a judgment that it be entered upon the district court "record book". This book contains a statement of the proceedings of the court, and its records, as therein contained, must always be consulted for a determination of what has been done by the court. It has been repeatedly held by this court that a judge's calendar containing the judge's written order, together with the entry thereof in the "judgment and appearance docket and fee book" is not sufficient to constitute a final judg-

ment; and that there is no final judgment until entered in the court's "record book". Case v. Plato, 54 Iowa 64, 6 N. W. 128; Traer Bros. v. Whitman, 56 Iowa 443, 9 N. W. 339; Miller v. Wolf, 63 Iowa 233, loc. cit. 238, 18 N. W. 889; Callanan v. Votruba, 104 Iowa 672, 74 N. W. 13, 40 L. R. A. 375, 65 Am. St. Rep. 538; King v. Dickson, 114 Iowa 160, 86 N. W. 263; Kennedy v. Citizens Nat. Bank, 119 Iowa 123, 93 N. W. 71; Sievertsen v. Chemical Co., 160 Iowa 662, 133 N. W. 744, 142 N. W. 424; Baxter v. Pritchard, 113 Iowa 422, 85 N. W. 633.

This rule has been so often reiterated by this court that we deem it unnecessary to discuss the reasons therefor, but will simply quote from a few of these cases.

In Case v. Plato, 54 Iowa 64, 6 N. W. 128, it was held that, where the record book contained an entry of judgment for a blank amount as damages, and a specified amount of costs, the judgment could be enforced only to the amount of such costs. In that case we said, l. c. 66:

"The books required to be kept by the clerk of the court, and which, in connection with the original papers, constitute the records of the court, are the *record book*, the *judgment docket, the fee book, the sale book.* * * * See Code, sections 196 and 197. The court calendar * * * does not, under the sections referred to, constitute a part of the record. The clerk is required to keep, '1. A book containing the entries of the proceedings of the court, which may be known as the "record book;" * * * 2. A book containing an abstract of the judgments, * * * the names of the parties, the date of the judgment, * * * which book may be known as the "judgment docket," * * * ' Section 2864 of the Code provides: 'All judgments and orders must be entered on the *record of the court,* and must specify clearly the relief granted, or order made in the action.' * * * It is apparent, from the foregoing provisions, that *it is essential to the validity of a judgment that it should be entered upon the record book.* This is the book in which a statement of the proceedings of the court is kept, and to which appeal must always be made to determine what has been done. The theory of the law is that it is kept under the direction and supervision of the judge, is approved by him, *and constitutes the only proof of his acts.* The judgment docket is a mere abstract of the judgment, and it is contemplated that it shall be made up *from a judgment previously*

*entered in the record book.* The entry in the record book being blank as to the amount, it does not appear that any judgment was entered except for the costs, $4.95." (Italics ours.)

In Traer Bros. v. Whitman, 56 Iowa 443. 9 N. W. 339, we said:

"Counsel for defendants insist that the entry made by the judge in his calendar is to be regarded as the judgment in the case. * * * In the first place *the calendar of the judge is not a record of the court.* See Code, sections 2747, 196, 197. *It is simply for the use of the judge in entering memoranda intended for the guidance of the clerk in entering orders and judgments."* (Italics ours.)

In Miller v. Wolf et al., 63 Iowa 233, loc. cit. 238, 18 N. W. 889, 892, we said:

"The judge's calendar is no part of the *court record* provided by law. * * * it is designed, in part, as a communication to the clerk, *but it has no more legal force, as such, than an oral communication would have. The only legal evidence of a judgment is the clerk's entry in the record provided by law.* * * * [Cases cited.] The evidence, * * * showing a judgment rendered on the twenty-fifth day of August, 1877, was wholly incompetent, and we cannot find from it that a judgment was rendered upon that day." (Italics ours.)

In Callanan v. Votruba, 104 Iowa 672, 74 N. W. 13, 40 L. R. A. 375, 65 Am. St. Rep. 538, we said:

*"The judge's calendar is not a record of the court,* but entries therein announce his conclusions, and are intended for the guidance of the clerk. [Citing cases.] While not proof of a decree or judgment, such minutes may tend to show a decree or judgment has been ordered. In re Edwards' Estate, 58 Iowa 431, 10 N. W. 793. *If the record is the only proof of a judgment, as has been repeatedly held by this court, then how can a judgment be said to have been rendered before spread on the records, when its very existence prior to that time cannot be established?* * * * If the court has announced judgment, the clerk may complete the record after the term. Code, section 242. But until the record is prepared no evidence exists of the rendition of the judgment. These records are under the control of the court (section 248 of the Code), and through them it speaks the final adjudication defined by the statute

as a judgment. *Until so rendered, there is no judgment. The Code contains no provisions relating to judgment forms signed by the judge, and these amounted to no more than directions for judgments. Until recorded, they were not such, but merely evidence that the court had ordered judgments, and approved their form."*

This rule was fully approved and also adopted in King v. Dickson, 114 Iowa 160, 86 N. W. 263, where we held that a decree signed by the judge and placed on file is not a final adjudication until entered on the court record.

The same rule was adopted and approved in Kennedy v. Citizens Nat. Bank, 119 Iowa 123, 93 N. W. 71. In that case we said:

"It has frequently been held that neither the mental conclusion of the judge presiding at a trial, nor the oral announcement of such conclusion, *nor his written memorandum entered in his calendar, nor the abstract entered in the judgment docket constitutes a judgment, and a judgment cannot be said to be entered until it is spread by the clerk upon the record book.* * * * Until such entry is made there is nothing from which an appeal will lie. In other words, while in one sense a judgment is 'rendered' when it is announced by the judge, *yet until that judgment is entered of record there is no competent evidence of such rendition.* * * * The trial judge had made a written form of entry or order for judgment, *which was signed by him and filed by the clerk,* but no judgment entry was made in the record book; * * * until the record is prepared no evidence exists of the rendition of the judgment. *These records are under the control of the court, and through them it speaks the final adjudication defined by the statute as a judgment."* (Italics ours.)

In the case of Sievertsen v. Chemical Co., 160 Iowa 662, 133 N. W. 744, 142 N. W. 424, we also held that the decision only becomes a judgment when finally entered upon the court *"record book"* by the clerk, *and the right of appeal dates from the entry of the judgment as thus made.* In that case we said:

"To sustain plaintiff's contention necessitates the overruling of a long line of well-considered cases, in which it is held that *the time for appeal dates from the actual entry by the clerk of a judgment in the proper court records.* * * * No judgment can be said to have been rendered, and there is no rendition of judgment, *until it is entered upon the proper records of the court,* which alone gives evi-

dence of a judgment. * * * While in one sense it may be said that a judgment is rendered when announced by the judge, or where the judge writes a memorandum in his calendar, it really amounts to nothing more than a decision or opinion of the judge as to what the judgment should be, and is no more nor of any higher value than the verdict of a jury, until entered upon the proper record of the court. [Italics ours.] * * * He must enter a judgment upon the verdict as returned, and no judgment exists until so entered. There is a vast difference between the opinion and conclusion of the court as to what the judgment should be and the judgment itself. The opinion and judgment of the presiding judge, given in an oral announcement of such an opinion, or in memorandum entered on his calendar, or in a written form of entry, though signed by him, and though in the form of a judgment, does not constitute a judgment, *and not until the record is made is there any competent evidence of judgment.* There is no enforceable judgment, no liens created, or enforceable rights determined, until the completed entry. [Cases cited.] From these decisions it is apparent that the rendition of the judgment is not complete, for the purpose of appeal, until the presiding judge pronounces the sentence of the law upon the facts in controversy, *and this pronouncement has been spread upon the records of the court.* To hold otherwise would be to hold that the mere pronouncement of the judge presiding, or a memorandum made by him as to the conclusions he had reached, or a writing signed by him, * * * would be the rendition of a judgment and fix the time from which the appeal should be taken, and this, though not entered upon the records of the court until long after the right to appeal had been terminated. * * * The judge is an officer of the court. The clerk is also an officer of the court. The judge formulates the judgment for the court, as an officer of the court, and the clerk, acting for and in behalf of the court, enters the opinion of the judge as formulated upon the record of the court, and it is not a completed judgment of the court, *nor can it be said to have been rendered by the court, until everything has been done by these officers of the court which gives it vitality as a judgment.*" (Italics ours.)

Section 13971 provides:

"When a judgment of imprisonment, either in the penitentiary or county jail, is pronounced, an execution, consisting of a certified

copy of the entry thereof *in the record book,* must be forthwith furnished to the officer whose duty it is to execute the same, who shall proceed and execute it accordingly," etc.

The same construction is given to the term "judgment" in criminal cases that is given in civil cases. State v. Manley, 63 Iowa 344, 19 N. W. 211; State v. Hortman, 122 Iowa 104, 97 N. W. 981; Baxter v. Pritchard, 113 Iowa 422, 85 N. W. 633; Sievertsen v. Chemical Co., 160 Iowa 662, 133 N. W. 744, 142 N. W. 424; Jones v. McClaughry, 169 Iowa 281, 151 N. W. 210; Cooley v. Ayres, 180 Iowa 740, 163 N. W. 625.

This rule has been followed in cases where a signed memorandum of the order of court was entered upon the judge's calendar and where an abstract thereof was also entered in the clerk's appearance, judgment docket, and fee book. We have repeatedly held that all of the various steps taken by the court officers do not become a judgment until entered upon the court's judgment "record book." All prior actions of the judge, the clerk, and other officers of the court are merely memorandums and directions of what the judgment should be, and, until such directions and orders are carried forward and entered upon the court's "record book" there is no final judgment.

In Jones v. McClaughry, 169 Iowa 281, 151 N. W. 210, we held that a sentence imposed under a plea of guilty, and a minute thereof entered on the judge's calendar, is wholly without effect as a judgment until actually entered on the "record book". In that case we said:

"The most serious contention of counsel is that the record does not disclose that sentence was ever pronounced against defendant. It does not appear from the record book of what offense he was accused or for what term he was sentenced. All said is that 'judgment and sentence was then entered in the calendar and the court was declared at recess until further called.' * * * The *minutes on the judge's calendar form no part of the record, and do not constitute a judgment.* Traer Bros. v. Whitman, 56 Iowa 443, 9 N. W. 339; Miller v. Wolf, 63 Iowa 233, 18 N. W. 889. They are mere directions to the clerk, and of no more significance than if orally made to him. State v. Manley, 63 Iowa 344, 19 N. W. 211; Case v. Plato, 54 Iowa 64, 6 N. W. 128; Burroughs v. Ellis, 76 Iowa 649, 38 N. W. 141. The record as contained in the *record book* kept by the clerk

is the only proof that a judgment has been entered. * * * *Neither the minutes of the judge's calendar nor a judgment form signed by the judge, and not recorded, constitute a judgment. Until actually spread upon the record, there is no enforceable judgment or one from which an appeal may be taken.* * * * Many more decisions might be cited, but this is unnecessary; for, *if anything is well settled in this state, it is that a judgment, to be of any validity, must be spread on the "record book" of the clerk. And in a criminal case: 'When a judgment of imprisonment, either in the penitentiary or county jail, is pronounced, an execution consisting of a certified copy of the entry thereof in the "record book",* must be furnished to the officer whose duty it is to execute the same * * * ' Section 5443, Code. That the sheriff was not furnished a true copy of the judgment entry by the clerk nor the defendant such a copy by the sheriff upon delivery of plaintiff at the reformatory cannot obviate the conclusion that plaintiff's detention was without warrant of law, for no judgment had ever been entered against him." (Italics ours.)

In Cooley v. Ayres, 180 Iowa 740, 163 N. W. 625, we also held that no judgment can exist until the same is entered on the *"record book"*. In that case the defendant was charged with violating a liquor injunction. The hearing on the liquor nuisance case was held on January 13, 1916, and at that time the court orally announced that decree would be granted restraining the defendant and entered in the court's calendar the following: "Trial and decree as per entry to be signed." The decree was entered on the record book of the clerk on the 26th of January, 1916. On that day proceedings were commenced against Cooley to show cause why he should not be held for violating the decree because he unlawfully sold intoxicating liquor on the 22d day of January, 1916. On trial for the violation of the injunction, he was held guilty. In that case we said:

"The decree was *entered* January 26, 1916, four days after the contempt is alleged to have been committed. * * * *Nor can it be said that evidence of an oral announcement of the judge is entitled to any more weight than his memorandum thereof in the court calendar.* All previously said is merged in the decree as spread on the record book, and as said in Balm v. Nunn, 63 Iowa 641, 19 N. W. 810: *'There can be no judgment until it is entered in the*

*proper record of the court. It cannot exist in the memory of the officers of the court, nor in the memoranda entered upon the books not intended to preserve the record of judgments.'* " (Italics ours.)

In State v. Manley, 63 Iowa 344, 19 N. W. 211, it was held that a dismissal of a criminal action by the judge entered on the court calendar did not constitute a dismissal because it was not entered in the court record. In that case we said:

"The record constitutes the evidence of the action of the court, whether the action be in the form of an order or judgment. The calendar is in the nature of a private memorandum book, designed to promote merely the convenience of the judge and the clerk. * * * *What precedes the entry of record is the mere announcement of the judge's mental conclusion, and is not the court's action.*" (Italics ours.)

In view of our former rulings, we are constrained to hold that, under the statutes and the decisions of this state, there is no judgment until it is entered in the judgment "record book" kept by the clerk for that purpose. That such is the settled law of this state in civil cases cannot be questioned. Appellee contends that the term "judgment" has a different meaning in criminal actions. This court has applied the same rule in criminal cases, and we have so held in the cases referred to. We therein held there is no judgment until it has been entered upon the court's "record book" as provided by statute. The announcement by the judge as to what sentence will be imposed upon a defendant is not the formal pronouncement of the *court* until it is entered in the court's "record book"; until the sentence pronouncement by the judge, as an officer of the court, has been so entered by the clerk, the judgment of the court is not final. The clerk is also an officer of the court, and the entry of the conclusion of the judge in the court's "record book" by the clerk is necessary to give the judgment vitality. Until that time there exists no *evidence* of the judgment, and therefore until the entry is so made in the court's "record book" there is no judgment.' This has been so repeatedly held in our cases that we are not disposed to change the rule at this time.

Under section 13803 a defendant has an absolute right to withdraw a plea of guilty at any time before the judgment. From the conclusion hereinabove reached it is our holding that there was

no judgment in this case until it was entered in the court's "record book". No such judgment having been entered until February 27, 1933, defendant had the legal right to withdraw his plea of guilty on February 25, 1933.

It is claimed by appellee that the term "judgment" used in section 13803 is synonymous with the word "sentence". If this were so, the legislature in framing the statute could easily have said so. It is claimed that such a construction was given by this court in Beatty v. Roberts, 125 Iowa 619, 621, 101 N. W. 462. What was said in that case was only dicta, as the court there said:

"We do not determine whether or not the proceeding was so far criminal in its nature that the statute pertaining to a withdrawal of a plea of guilty before judgment was applicable."

Notwithstanding any language used in that case, we are constrained to give the word "judgment" the same construction given it in the numerous cases hereinabove referred to; and that the oral pronouncement of the trial judge of his conclusion as to what the sentence should be, or his written memorandum thereof on the court calendar or an abstract thereof in the judgment docket and fee book, are merely directions for the entry of such judgment in the court's "record book", and, until so entered, there is no judgment. Until that time there is no evidence of the existence of a judgment; there is nothing from which an appeal can be taken; there is nothing upon which an execution or commitment can be issued.

Other questions are raised, but, in view of our ruling as hereinabove expressed, a consideration thereof is unnecessary.

We believe the court erred in failing to permit the defendant to withdraw his plea of guilty before the final entry in the court's "record book".

The judgment of the lower court is therefore hereby reversed.

DONEGAN, KINDIG, EVANS, STEVENS, ANDERSON, and MITCHELL, JJ., concur.