HARRY C. DIRGO, Appellant, v. F. F. FILLENWARTH et al., Appellees.

**JUDGMENT:** Action to Annul—Estoppel to Deny Jurisdiction. Defendant in an action to set aside a decree entered upon a fraudulently procured confession of judgment may not deny the jurisdiction of the court to entertain the action because of the long lapse of time, when the defendant, on making discovery that no judgment had in fact been *entered,* prayed for *affirmative* relief in the form of a judgment *nunc pro tunc.*

**JUDGMENT:** By Confession—Effect of Confession. Principle recognized that the mere *filing* of a formal confession of judgment does not constitute a *judgment.*

*Appeal from Pottawattamie District Court.*—THOMAS ARTHUR, Judge.

JUNE 25, 1921.

THE opinion sufficiently states the case.—*Affirmed.*

*F. A. Turner,* for appellant.

*Miller, Kelly, Shuttleworth & Seeburger,* for appellees.

WEAVER, J.—In January, 1915, the plaintiff executed a promissory note to the defendant Fillenwarth, and soon thereafter, at the request of the latter, he signed and gave to Fillenwarth a statement for confession of judgment on such note. The statement was filed in the clerk's office, but no judgment was ever entered thereon, though the parties seem to have assumed the existence of a judgment until the true state of the record was revealed, after this action was begun.

In September, 1917, plaintiff instituted this action to vacate and set aside the confession, on account of the alleged fraud of Fillenwarth in obtaining it.   The petition, with its several amendments, discloses a story substantially as follows:   The plaintiff reached his majority on November 14, 1914.   During his minority, he became entitled, by inheritance or otherwise, to money or property to the amount of several thousand dollars, which he was to receive from his guardian when he became of age.   The defendant Fillenwarth, a man of about 35 years, living in the same town, knew of the boy's prospects, and assiduously cultivated his acquaintance, seeking his society and companionship and winning his confidence.   On the day the plaintiff became 21 years old, Fillenwarth induced him to become surety on his (Fillenwarth's) notes, to the amount of several hundred dollars, the full amount of which, principal and interest, plaintiff has been compelled to pay.   At or about the same time, Fillenwarth proposed to sell to plaintiff an equity in 80 acres of Minnesota land, subject to a mortgage, advising him that it would be a desirable investment.   He further explained to plaintiff that he (Fillenwarth) was likely to have trouble with his wife, and desired to place the title to his property in plaintiff's name, to prevent its being subjected to payment of alimony; and he requested plaintiff to take a conveyance of the land in secret trust, and give him a note for $3,000, as a professed or pretended consideration therefor.   Plaintiff further says that, while a deed was made out and exhibited to him, it was retained by Fillenwarth and never, in fact, delivered; that, as part of the same deal, and for no other consideration, and at Fillenwarth's request, he executed the note in question, which bears date of January 7, 1915, and signed the statement for confession of judgment, upon Fillenwarth's promise to return to him the said promissory note.

The defendant, answering, denies all charges of fraud, and alleges that plaintiff is estopped by laches and delay, and that the cause of action is barred by the statute of limitation.

The trial court, on hearing the testimony, announced that it warranted a finding that the note and confession of judgment were obtained by fraud, but that plaintiff's right to relief had been lost by delay in bringing suit.

On February 22, 1919, the plaintiff moved to set aside the decree against him, because the court, by misapprehension, treated the case before him as pending upon a petition for new trial, under the terms of Code Section 4094, which must be filed in one year, when, as a matter of fact and record, it was an equitable action to have the alleged confession and judgment declared void and to remove the cloud thereby apparently cast upon plaintiff's title to his property. He further alleges, and tenders proof by the court's records, that no judgment has ever been entered upon the confession. Defendant appeared to said motion, and, while denying the court's jurisdiction in the premises, affirmatively moved for an order for the entry of a judgment *nunc pro tunc* on the statement of confession. The court, having heard counsel and examined the record, denied both the plaintiff's motion to vacate the decree and defendant's motion for judgment on the confession; and both parties appeal. Plaintiff's appeal being first perfected, he will be known herein as the appellant.

So far as concerns the merits of the case upon the issues originally joined, we have no hesitation in saying, with the trial court, that the evidence warrants the conclusion that the note and statement for confession of judgment thereon were procured by fraud of a peculiarly obnoxious character. It not only *warrants* such conclusion, but *compels* it. The story told by Fillenwarth himself, even after being toned down by the exigencies of self-interest, affords all the corroboration needed, if any be needed, of the substantial truth of plaintiff's complaint. The plaintiff was not only a mere boy in experience, but was lacking in a marked degree in that maturity of mind and character which would enable him to cope on equal terms with cunning and designing men. Fillenwarth himself describes him as one who was easily influenced and led by those in whom he had confidence. Fillenwarth, knowing his material, stood waiting at the threshold of the opening door of his young friend's legal manhood, with one hand offering a ready-inked pen, and the other pointing to the "dotted line" where the young neophyte should have the privilege of writing his signature and taking upon himself $800 worth of Fillenwarth's debts. Fast following this *coup* came the fictitious land deal, and before plaintiff's

emancipation was two months old, defendant had his note for $3,000, without consideration, and a little later, the statement for a confession of judgment. We shall not take the time to recite all the correlated facts which convince us that plaintiff was made the victim of a conscienceless advantage at defendant's hands. It is sufficient to say that our conclusion has abundant support throughout the record.

The defendant, in resisting the plaintiff's right to the relief asked by him, relies very largely on the theory that the delay in amending or supplementing his petition by an averment that no judgment was ever, in fact, entered upon the alleged statement for confession, made it too late to be of any avail, and that, by such delay, the trial court had lost jurisdiction to hear or try such issue. What we might have been disposed to hold upon that question, had defendant consistently maintained the position thus taken by him, we need not undertake to decide; for, instead of so doing, he not only entered an appearance to the proceeding, but himself presented a prayer for affirmative relief, confessing that he had not yet procured a judgment on the alleged confession, and asking that such judgment be now entered, *nunc pro tunc*. That prayer was denied, and defendant by his appeal brings the question here. This was sufficient to give the trial court jurisdiction to determine whether the defendant is equitably entitled to the relief for which he prays, and in deciding that question, the entire record was open to examination by that court on the hearing below, and by this court on appeal. The trial court found against the defendant, and held him not entitled to have judgment on the confession; and of the correctness of this ruling we have no doubt.

This works an effective adjudication that the statement for confession of judgment is without legal force or effect. The mere filing of the paper in the clerk's office is not a judgment; it creates no lien; and, it being now adjudged that defendant is not entitled to have judgment entered thereon, there seems to be no room for further controversy, and the decree below must, on both appeals, be—*Affirmed.*

2. JUDGMENT: by confession: effect of confession.

Evans, C. J., Preston and De Graff, JJ., concur.

Arthur, J., takes no part.