PERRY E. BLOTT and GENE BLOTT, Plaintiff-Appellees and Cross-appellants, v. CHARLES EARL BLOTT, and K. E. MERRYMAN, Sheriff, Defendant-Appellants.

No. 45055.

FEBRUARY 13, 1940.

Chester W. Whitmore, for plaintiffs, appellees, and cross-appellants.

Jones & White and Verne J. Schlegel, for defendants, appellants.

BLISS, J.—Perry E. Blott, plaintiff, and Charles Earl Blott, defendant, were sons of a deceased daughter of Emma V. Moore, who died testate on January 5, 1930. The grandsons had dissipated the patrimony of their father, and the grandmother sought to so restrict the use and control of the property she

devised to them as to conserve it. She therefore devised 159 acres of farm land to Perry for use during his life, with the additional opportunity to become its owner in fee simple when he reached the age of 50 years, providing he fulfilled certain specified obligations.

In the early twenties, his brother Charles had signed with him as surety on a note for $2,000, which Perry gave to a Bloomfield bank. Charles had to pay this note. He credited $700 on the indebtedness by bidding in property to that amount at a public sale held by Perry. Later Perry took bankruptcy, and the indebtedness to Charles, which he had scheduled, was discharged. About 1925 Perry gave Charles his promissory note for $1,100, $100 of which was for a cow and calf which he bought of Charles, and $1,000 for a compromise settlement of the old obligation. On April 14, 1930, Perry took up the $1,100 note by the execution of a note for $500 due in a year, and one for $600, due in five, each bearing interest at 6 per cent payable semiannually. The $500 note and the accrued interest on neither note having been paid, Charles Blott brought action on both notes and filed petition on September 12, 1931, asking judgment and for a writ of attachment. Attachment was levied on the land which he was in possession of under devise from his grandmother. The records in the clerk's office did not fully show all matters in connection with the attachment. After the petition was filed, Perry, through his attorney, filed a motion to impound the notes in the clerk's office, for his inspection. The motion was never submitted nor ruled on, and the notes were never impounded. Nothing further was done in this action, until April 20, 1933, when Perry and Charles appeared before the attorney who had brought the action on the notes for Charles, and told him they had compromised the debt for $1,000, and asked him to prepare a statement for confession of judgment against Perry and in favor of Charles for that amount. This was done and Perry executed the statement, and swore to it before the attorney as notary public. At the trial of the present action Perry testified that he did not know what he was signing, and that he was induced to sign through trickery and misrepresentation. The record does not sustain his contention. Charles agreed to dismiss the pending suit on the notes and to pay the court costs. The notes and the statement

of confession were left with the attorney and after waiting for Charles to bring him the money to pay the court costs, he delivered the statement of confession and the notes to the clerk on May 16, 1933, without payment of the court costs. On August 29, 1933, Charles went to the clerk's office and paid the costs which amounted to about $6.00, including a dismissal fee, but not an attorney fee, and the clerk noted a dismissal. The statement of confession, duly subscribed, sworn to and acknowledged on April 20, 1933, as above-stated, as the same appears in the "Record" book of the court, in this record referred to as the "Journal", is as follows:

"Confession of Judgment.

"No. 8784, Appearance Docket, Judgment Docket and Fee Book 32, page 22. As copied in Journal 'Y', page 9.

"Filed May 16, 1933, P. M. B. R. Stone, Clerk of District Court.

"State of Iowa, Davis County, ss.

"To All Whom It May Concern:

"Know ye, that P. E. Blott of Davis County, in the State of Iowa, being indebted to C. E. Blott in the sum of .........., as agreed upon of one thousand and no/100 ($1000.00) dollars, for money due from P. E. Blott to said C. E. Blott, upon two promissory notes, one dated April 14, 1930, in the principal sum of $500.00, signed by P. E. Blott to C. E. Blott, and one dated April 14, 1930, in the principal sum of $600.00, signed by said P. E. Blott to C. E. Blott, and which are in the two notes involved in the cause in the District Court of Davis County, Iowa, entitled C. E. Blott vs. P. E. Blott, which cause the said C. E. Blott agrees to dismiss, do hereby waive the issuing and service of notice, and confess a judgment against P. E. Blott as defendant, in favor of said C. E. Blott as plaintiff, for the sum of one thousand and no/100 ($1000.00) dollars, aforesaid, hereby authorizing the clerk of the District Court of said county, or any justice of the peace in said county having jurisdiction, to enter up judgment against P. E. Blott for the aforesaid amount, with the costs hereof, and interest from this date at the rate of six per cent per annum; and P. E. Blott do solemnly swear that the above statement is true and correct, and that the aforesaid amount is justly due said plaintiff for the cause aforesaid.                                      "P. E. Blott."

The following entry appeared in the combination appearance, judgment docket and fee book:

"C. E. Blott, Plaintiff, vs. P. E. Blott, Defendant.
"Date of Judgment: April 20, 1933.
"Judgment against: P. E. Blott.
"Amount: $1000.00.
"Rate: 6%.
"Costs: $1.00.
"Execution issued to sheriff Davis Co., Jan. 27, 1938."

The following recitals appear in the "Lien Index":

"No. of Case: 8784.
"Lien against: P. E. Blott.
"Lien in Favor: C. E. Blott.
"Date of Lien: April 20, 1933.
"Comb. Docket: 32-22.
"Amount of Lien: Dollars, $1,000; cents, .00.
"Int.: 6%.
"Costs: $1.00.
"Remarks: Confession of judgment, 3:05 P. M."

The statement and the notes were delivered to the clerk and were by him produced in court, from his files, as a witness. Across the face of each note in red ink was the following notation: "Cancelled by judgment May 16, 1933. B. R. Stone, Clerk of the Dist. Court."

The foregoing matters were all done and made of record in vacation, and at the following September, 1933, term of said court, at which Hon. C. F. Wennerstrum, presided as judge, made the following entry in the "Record" or "Journal", hereinbefore referred to: "The foregoing entries made in vacation are hereby approved in open court. (signed) C. F. Wennerstrum, Judge."

The foregoing is the entire court record with respect to said confession of judgment.

It will be noted that the statement of confession, or cognovit, was merely copied into the court record book, and that no judgment, in fact, was entered thereon. Such a statement is often times referred to as a power of attorney, or, simply, as a power. In other words it is the written authority of the debtor and his direction to the clerk of the district court, or the jus-

tice of the peace, to enter judgment against him as stated therein. The statutory provisions as to judgments by confession appear in chapter 545 of the 1935 Code. Section 12670 thereof provides for the filing of the statement with the clerk. Section 12671, then provides:

"Judgment—execution. *The clerk shall thereupon make an entry of judgment* in his court record for the amount confessed and costs, and shall issue execution thereon as in other cases, when ordered by the party entitled thereto." (Italics are ours.)

The statutory direction is definite and mandatory. The clerk failed to comply with this statutory command. The mere recording of the doctor's admission of indebtedness and confession of judgment and his authorization to the clerk to enter judgment against him, was not the entry of such judgment. In Edgar v. Greer, 7 Iowa 136, 138, one of the earliest cases in which this court discussed the matter of judgments by confession, we said:

"A judgment by confession *entered* by the clerk of the District Court in vacation * * * becomes * * * the judgment of the court, in the same sense as any other final adjudication, in any other cause. * * * All the power which the clerk of the District Court has to enter judgment by confession is given by the section above cited; and without expressing any opinion, whether the power and authority of the District Court *in session* are restricted by it, we are of opinion that in order to enable the *clerk* of the District court so to enter judgment, *the provisions of the statute must be strictly pursued.*" (The italics are ours.)

We have a number of times held that the notation or direction of the presiding judge upon his calendar is not the judgment or the entry thereof, but that such entry on his calender is but a direction to the clerk to formally enter the judgment on the record book of the court's proceedings. Traer Bros. v. Whitman, 56 Iowa 443, 9 N. W. 339; Winter v. Coulthard, 94 Iowa 312, 62 N. W. 732; Cooley v. Ayres, 180 Iowa 740, 163 N. W. 625. See also State v. Wieland, 217 Iowa 887, 251 N. W. 757; Jones v. McClaughry, 169 Iowa 281, 151 N. W. 210, and numerous cases cited in both where the question of what is the

judgment entry, and what is the proper evidence thereof is discussed generally.

Burchett v. Casady et al., 18 Iowa 342, involved the filing of a confession of judgment in the office of a justice of the peace, and the issuance of an execution thereon before the *entry* of judgment on the following Monday. The opinion clearly indicates that the "filing" of the statement is not the entry of judgment.

In Dirgo v. Fillenwarth, 191 Iowa 815, 818, 183 N. W. 471, 472, the statement of the confession of judgment was copied in the district court record but the clerk did not enter judgment thereon as provided by section 3816, Code of 1897 (section 12671, 1935 Code of Iowa). In the decision we said: "The mere filing of the paper in the clerk's office is not a judgment; it creates no lien." As we have noted the statement was in fact extended in full in the record, but no judgment was entered thereon.

Perry Blott failed to pay the taxes on the farm in question, and as a consequence it was sold for taxes, and his son, the plaintiff, Gene Blott, on October 26, 1936, paid $223.99 to redeem from the tax sale, and paid subsequent taxes on the land on September 25, 1937, in the amount of $105.21. Gene Blott, under the will of his great grandmother, had a contingent interest in this land. On July 23, 1937, Perry E. Blott and wife conveyed said land to the plaintiff, Gene Blott.

On January 7, 1938, the defendant, Charles Earl Blott, caused execution to be issued on the alleged judgment by confession, and levy was made thereunder by the defendant sheriff, and the time of sale was fixed. In this action the plaintiffs pray that the judgment by confession be adjudged void, and that it and all other records pertaining thereto be expunged, the sale under execution be permanently stayed, the defendants be permanently enjoined from proceeding further against either plaintiff on said judgment, and for general relief.

The court decreed as follows:

"3. * * * ordered, adjudged and decreed that filing and copying by the clerk of court into Journal 'Y' at page 9 of the 'Confession of Judgment by P. E. Blott in favor of C. E. Blott,' May 16th, 1933, as shown by the evidence in this cause, was not such compliance with the requirements of Section 12671

of the Iowa Code requiring the clerk 'thereupon to make entry of judgment in his court record for the amount confessed and costs,' * * * as to make such enrollment a valid judgment; and by reason whereof such entry in Journal 'Y', at page 9, and/or the entry of same upon Appearance Docket, Judgment Docket and Fee Book 32 at page 22; and/or entry of same in Lien Index 'C' at page 15, and/or the issuance of general execution thereupon of date January 27th, 1938, with levy by the sheriff thereunder as recited in Incumbrance Book 4 of said court, at page 96, separately, or collectively, under the evidence in this case, do not constitute a valid judgment or lien upon the entirety or any portion of the right, title or interest heretofore recited in Perry E. Blott and now held by Gene Blott in and to the real estate described * * *

"5. By reason of the recitals in paragraph 3 hereof it is ordered, adjudged and decreed that such execution levy as so recited as against said real estate and each part and parcel thereof as against Perry E. Blott and/or Gene Blott is hereby annulled, expunged and declared to be without any force or effect; and the temporary stay order issued by the Honorable R. W. Smith, Judge of said Davis County District Court, March 18th, 1938, against said C. E. Blott, his attorneys at law, heirs, assigns and representatives, including K. E. Merryman as sheriff of Davis County, Iowa, from taking any steps or proceedings whatsoever to conduct or consummate such execution sale (set for March 28th, 1938) is hereby merged into permanent injunction against the same respondents and against any and all other persons claiming under or through them levying upon any portion of such described real estate under any execution based upon said 'Confession of Judgment'; and from proceeding further as against any portion of said real estate under said general execution of January 27th, 1938, as against Perry E. Blott and/or his son, Gene Blott, and any and all persons or representatives claiming under or through either. The said defendants being personally present in court at the time this decision is announced, and having personal knowledge, are bound thereby, without the issuance of writ of injunction, with the same force and effect as if same had been served upon them.

"6. Under the provisions of Section 12286 of the statute, as to quieting title, and the prayer in plaintiffs' petition in

equity for general relief, as well as special, it is further ordered, adjudged and decreed that title to said real estate as against Perry E. Blott and/or Gene Blott is hereby quieted as to 'Attachment Levy' September 12th, 1931, in Incumbrance Book 3 of this court at page 161 in the case of C. E. Blott vs. P. E. Blott, law number 8589, docket 30, page 228, instituted September twelfth, 1931, for the reason that there is no entry in such appearance docket, judgment docket and fee book in said cause showing issuance of any writ of attachment, or the filing of any such writ, or the sheriff's return to any such writ; and the original, if any, of such writ, is not shown in evidence; and because whereof title to said land is hereby quieted in said Gene Blott under the provisions of said will of Emma V. Moore; and quit claim deed to such land by P. E. Blott (being the said Perry E. Blott, plaintiff) and his wife, Sada R. Blott, to their son, the plaintiff, Gene Blott, of date July 23d, 1937, appearing of record in book 67 at page 26 in office of recorder of deeds of this county, filed July 31st, 1937; and it is affirmatively found, ordered, adjudged and decreed that such attachment levy as shown upon said incumbrance book does not constitute a lien upon the land described. The findings, orders and decrees of invalidity as to such attachment levy are without prejudice as to such merits, if any, there may be to the rights otherwise of C. E. Blott as plaintiff and P. E. Blott as defendant in suit No. 8589, docket 30, page 228, of the records of this court, under petition filed September 12th, 1931.

"7. And by reason of the foregoing it is further hereby ordered, adjudged and decreed that said Perry E. Blott and Gene Blott have and recover of and from the defendant, Charles Earl Blott, all costs in this cause and for which judgment is hereby rendered accordingly in the sum of $42.20."

The decree as herein set out meets with our approval. The appellees have urged several other grounds for affirmance, and by their cross-appeal have urged some additional relief. It is our judgment that the decree as set out herein grants the appellees full relief, and all to which they are entitled, and any additional relief asked for in their cross-appeal is denied. The trial court thus limited the relief, and further found it unnecessary to pass upon a number of grounds for affirmance urged by the appellees. It is our judgment that the court was right in this.

The attorneys presenting this appeal for the appellants were not connected with the matters involved prior thereto. Counsel for the appellees in the printed argument has criticized the attorney for the appellants in the trial court. This criticism is not justified by the record. The decree appealed from as set out herein is therefore affirmed.—Affirmed.

HAMILTON, C. J., and SAGER, STIGER, MILLER, OLIVER, and HALE, JJ., concur.