**Morton Neboshek, Plaintiff-Appellee, v. Stanley Berzani, Defendant-Appellant.**

**Gen. No. 48,931.**

First District, Third Division.

June 12, 1963.

Philip S. Aimen, of Chicago, for appellant.

Samuel Blair, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken by Stanley Berzani from an order entered on June 26, 1962 confirming a judgment by confession previously entered against him in favor of Morton Neboshek, and from a denial of a motion to vacate said order entered by the court on July 12, 1962.

On May 25, 1961 judgment was confessed in favor of the plaintiff against defendant in the sum of $1,633.54 and costs, on a note made by the defendant to a certain Tevel Feldman as payee, who afterwards allegedly endorsed and delivered the said note to the plaintiff. The defendant filed a motion to vacate the judgment by confession. The plaintiff filed an answer thereto, and on August 14, 1961, after hearing, the judgment was opened and the defendant given leave to appear and defend, with the provision that the judgment stand as security until final disposition of the cause. An order was also entered upon the defendant to file a verified answer to the complaint.

In paragraph one of the complaint it is alleged that the defendant "made his certain promissory note in writing, bearing date of the day of execution, respectively: the 15th day of July, 1958 . . . and delivered same to Tevel Feldman and the said Tevel Feldman afterwards endorsed the note in writing and delivered same so endorsed to the plaintiff." (A copy of the note and endorsement was attached to the complaint.) There was a further allegation that the defendant has defaulted in the payment of the note and that there is due to the plaintiff for principal and interest the sum of $1,477.19. In his answer the defendant denies all of the allegations contained in paragraph one of the complaint except as to the alleged endorsement, and as to that he states he has no knowledge and neither admits nor denies the same but demands strict proof thereof. In the answer the defendant further alleges that "he does not know, nor has he ever met or been

221

acquainted with the said Tevel Feldman, the purported payee named in said note, nor has he ever borrowed money from or had any business or other dealings with the said Tevel Feldman, and affirmatively states that he has never knowingly or intentionally made, executed and delivered said note or any note to the said Tevel Feldman; nor did he ever authorize or direct any person to place his name on said note or any note payable to the said Tevel Feldman; and that the signature appearing thereon purporting to be his signature was procured and obtained by the said Tevel Feldman by some fraudulent or surreptitious trick, device or scheme by which to defraud the defendant, and that because of such fraud the purported endorsement to the plaintiff is or ought to be null and void and held for nought."

A motion to strike the defendant's answer was overruled. The plaintiff was given leave to file a reply to the answer. The plaintiff filed a reply which the defendant moved to strike, which motion was sustained by the court on January 3, 1962. The defendant was then ordered to file a bill of particulars, which he did on May 7, 1962. In the bill of particulars he adopts his answer, and further states that at no time had Tevel Feldman or Morton Neboshek made demand on him for payment of the note, that he does not know how or by what means Tevel Feldman or Morton Neboshek came into possession of the note, and that he demands strict proof of the same and of "the consideration for said note, and what consideration, if any, he [Morton Neboshek] has paid or given therefor."

The plaintiff on June 15, 1962 filed a motion and affidavit to confirm the judgment by confession. A hearing on this motion was continued to June 26, 1962, and the court ordered that the plaintiff serve defendant with a copy of the affidavit which he had

filed in support thereof. The affidavit was made by the attorney for the plaintiff, and in that affidavit he states that he knows of his own knowledge that the note was executed and delivered for a good and valuable consideration. He further states that he represented the owner and holder of the note, has repeatedly made demands on the defendant for payment, and that the defendant "on numerous occasions promised to pay the indebtedness evidenced by the said note, but failed to do so." He further states that the plaintiff acquired the note for a good and valuable consideration and was a holder in due course.

On June 26, 1962 the trial court entered an order confirming the judgment by confession. The defendant moved to vacate the order of June 26th. Defendant's motion sets out that the defendant has a meritorious defense to the plaintiff's demand, and the motion is supported by the affidavit of the attorney for defendant, in which, among other things, he states that when the order setting the case on June 26th was entered it was conditioned upon the plaintiff's filing and serving upon the defendant the affidavit of the attorney for the plaintiff which we have heretofore referred to, and that that affidavit was not filed until June 19th, and that a copy of the same was served upon the attorney for the defendant on June 21st. The affidavit further sets out that on June 25th the affiant telephoned the attorney for the plaintiff and told him that he, the affiant, was required to go to Waukegan, Illinois, and attend a progress call by Judge Thomas J. Moran at 9:30 a. m. with reference to a case which he then had pending in the Circuit Court of Lake County, and that it was agreed between affiant and the attorney for the plaintiff that the attorney for the plaintiff would continue plaintiff's motion to June 29th; and that on June 26th, upon his return to Chicago from Waukegan, the af-

223

fiant mailed to the attorney for the plaintiff a counteraffidavit of the defendant in opposition to the motion to confirm the said judgment. The affidavit further alleges that the affiant believes that had the court had knowledge of these facts on June 26th, the date of the entry of the order confirming the judgment by confession, it would not have entered said order. The counteraffidavit of the defendant again reiterates the statements made in the defense and the previous affidavit, and again states that the defendant "does not know and has never known the said Tevel Feldman, nor has he ever done business with, borrowed money or received any consideration from the said Tevel Feldman," and he denies that he ever promised the attorney for the plaintiff to pay the indebtedness.

The trial court, after hearing, denied the motion on July 12, 1962. This appeal is taken from that order and from the order of the trial court entered on June 26, 1962 confirming the judgment by confession.

The defendant's theory of the case is that under the circumstances it was an abuse of the discretion of the court to deny a three-day continuance in the hearing of the motion to confirm the judgment.

In this court the plaintiff contends that the defendant at no time denied the execution of the note, and that the defendant's allegations that the signature appearing on the note was obtained by a fraudulent or surreptitious trick, device or scheme by which to defraud the defendant are not sufficient as a defense.

From a reading of the pleadings in the case it is apparent that the defendant in his answer did deny the delivery of the note which was alleged by the plaintiff in his complaint. The defendant further alleges that there was a lack of consideration and that he has no knowledge as to how his signature got on the note or how the note came into existence.

There is no question that it has been held repeatedly by the courts of this State that a mere allegation of fraud in a pleading is not sufficient but that the party relying on fraud must plead sufficient acts or facts to establish it. Tate v. Jackson, 22 Ill App2d 471, 161 NE2d 156. However, if the statements made by the defendant with reference to the alleged fraud are true, to-wit, that he has no knowledge as to how his signature got on the note or as to how the note got into the hands of the plaintiff, it would seem difficult to see how the court could require him to plead facts about which he alleges he has no knowledge. Under section 3–401 of the Commercial Code (Ill Rev Stats 1961, c 26, § 3–401), no person is liable on an instrument unless his signature appears thereon, and under section 3–306(c), except as to a holder in due course, unless there has been a delivery of the instrument. In section 3–408, it is stated that the want or failure of consideration is a defense as against any person not having the rights of a holder in due course. By the defense it was denied both that there was any consideration for the note originally and that the plaintiff was a holder in due course.

■■ Under the former Act (Negotiable Instruments Law (Ill Rev Stats, c 98)), practically the same rule with reference to execution and delivery was in effect. Section 1 of that Act (c 98, § 21) provided that an instrument payable in money to be negotiated must be in writing and signed by the maker or drawer, and section 16 (par 36) provided that it is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. See 28 ILP Negotiable Instruments, §§ 41, 43. The defense pleaded by the defendant in the instant case, a denial of delivery and a denial that the plaintiff was a holder in due course, would be sufficient to place the burden of proof on the plaintiff. There was compliance with the provisions of section 35(2) of the Civil Practice

Act inasmuch as the defendant's pleading was verified. In In re Estate of Herr, 16 Ill App2d 534, 148 NE2d 815, it was held that a denial under oath that the defendant made or delivered an alleged note was sufficient to destroy the presumptions of execution and delivery of the note. The court in its opinion quotes from Bippus v. Vail, 230 Ill App 633, 635, saying:

". . . It has been held repeatedly that a verified plea, filed under the provisions of section 52 [Practice Act of 1907], denying execution of an instrument sued on, will have that effect and will put the plaintiff to the burden of making proof of execution, or of delivery, if that is the matter denied by the verified plea, as a part of his prima facie case."

The court further states:

"In the instant case the evidence shows that Mandel Herr signed the note upon which the claim was filed. But another essential element of claimant's case was that the note had been delivered. That element was denied under oath in the executor's amendment to her answer. Her verified denial of delivery destroyed any presumption created by section 16 of the Negotiable Instrument Law and put the burden of proving delivery upon claimant. The fact that the note was offered and admitted in evidence was no proof of claimant's possession or deceased's delivery of the note (Walsh v. Marvel, 130 Ill App 305, 308; . . . )."

Also see Silliman v. Nowlan, 271 Ill App 484.

The peculiarity of the transaction is indicated by the reply filed by the plaintiff to the defense and which was stricken by the court. We quote from this

226

reply only for the purpose of showing the murkiness of the entire transaction. In that reply the attorney for the plaintiff states under oath that "the Plaintiff states that he is informed and from such information verily believes that for a considerable length of time the defendant has business dealings with one ISADORE NEBOSHIK, which business dealings consisted in purchasing by the Defendant from the said ISADORE NEBOSHIK, eggs for a considerable amount of money. That in the course of said business the Defendant became indebted to the said ISADORE NEBOSHIK in the aggregate amount of Twelve Hundred Sixty Five ($1265.26) and 26/100 Dollars." Further replying to the answer of the defendant, the plaintiff states that "to enable the said ISADORE NEBOSHIK to obtain payment of said indebtedness and at the request of the said ISADORE NEBOSHIK the Defendant executed and delivered to TEVEL FELDMAN, the note upon which the judgment was rendered and upon receipt of said note the said TEVEL FELDMAN paid to ISADORE NEBOSHIK the proceeds thereof." It would appear, if we would accept this statement as true, that there was something created in the nature of a novation.

This court is persuaded that there should be a trial and that the trial court should order the plaintiff to file a reply to the defense. The trial court in our opinion abused its discretion in refusing to grant a continuance and in confirming the judgment in its order of June 26th. There was no question in the record but that counsel for plaintiff and counsel for defendant had agreed that there would be a three-day continuance of the hearing of the case due to the fact that the attorney for the defendant was engaged in answering a call in another court at some distance from Chicago. The Uniform Rules of the Circuit and Superior Courts of Cook County provide (Rule 6.1)

that a party shall be entitled to a continuance on the ground that his attorney is actually engaged in another trial or hearing, and that the trial cannot be continued for a second time on the ground of prior engagement of attorney. Section 50(6) of the Civil Practice Act provides that the court may in its discretion, on motion filed within thirty days, set aside any final order or judgment upon reasonable terms, and the same rule is laid down in the Act relating to judgments, Ill Rev Stats chap 77, par 83. It has been held that the provisions of this Act and section 50 of the Civil Practice Act are to be construed together. Atlas Finishing Co. v. Anderson, 336 Ill App 167, 83 NE2d 177.

In In re Estate of Hoyman, 27 Ill App2d 438, 170 NE2d 25, the court said:

> "It goes without saying that carelessness in responding to the call of cases can impede the administration of justice, but on the other hand, in a metropolitan area with its multitude of courts, the most diligent lawyer can be confronted, through slight error or confusion on the part of himself or a clerk, with a serious default against his client. In such a case, entry of a default is too harsh a punishment for the failure."

In the case before us counsel had agreed to continue the hearing, and it is apparent that the attorney for the plaintiff fairly presented the matter to the trial court. It appears from the attitude of the trial court during the hearing on the motion to vacate that the action taken confirming the judgment and refusing to vacate the order was his, and his alone. In Widucus v. Southwestern Elec. Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799, the court said:

> "The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands."

228

Citing section 50(6) of the Practice Act the court said, concerning the allowance of a motion to set aside a default:

"Our courts have held that the allowance of such a motion rests upon the proper exercise of sound discretion based upon the facts in the case, and that a reviewing authority will only interfere if this discretion has been abused. History will reveal that the courts of Illinois have been liberal in setting aside defaults entered at the same term, and that where there has been no trial on the merits, the courts' discretion is usually exercised in favor of granting the motion. Moreover, our legislature has directed that our Practice Act be liberally construed so that controversies may be speedily and finally determined according to the substantive rights of the parties. Chap 110, sec 4, Ill Rev Stats.

" . . .

" . . . The spirit of the Practice Act is that controversies be speedily determined according to the substantive rights of the parties. This means an undelayed hearing on the merits with both sides present in the courtroom. The allowance of countless delays is a denial of substantial justice to the plaintiff. The hurried entry of a default is a denial of substantial justice to the defendant. Both are abuses which should not be condoned."

In the instant case it is the opinion of this court that a meritorious defense is set up by the pleadings and that the trial court abused its discretion in entering its order of June 26, 1962 confirming the judgment and in refusing to vacate said order as evidenced by its order of July 12, 1962. Both orders of the Circuit Court are erroneous and are reversed, and the cause is remanded with directions that the court

229

order the plaintiff to file a proper reply to the defense on file and that the case be set for hearing on the issues.

Reversed and remanded with directions.

DEMPSEY, PJ and SCHWARTZ, J, concur.