Lester A. WESTRING, Appellant
(Defendant below),

v.

CHEYENNE NATIONAL BANK, Appellee
(Plaintiff below).

No. 3212.

Supreme Court of Wyoming.

June 12, 1964.

John V. Crow and Harold M. Johnson, Rawlins, for appellant.

Charles E. Graves of Roncalio, Graves & Smyth, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

This is an appeal from an order of the trial court denying the motion of defendant, Lester A. Westring, under Rule 60(b), Wyoming Rules of Civil Procedure, to vacate a judgment in favor of plaintiff, Cheyenne National Bank, confessed under a warrant of attorney contained in a promissory note signed by defendant.

The case strikes a familiar chord. It is the third case coming before this court involving the nefarious transactions of Jack

O'Dell, at one time engaged in the business of selling new and used trucks under the name of O'Dell Motor Company. See Wilson Bros. Sand & Gravel Company v. Cheyenne National Bank, Wyo., 389 P.2d 681, and also Cheyenne National Bank v. Citizens Savings Bank, Wyo., 391 P.2d 933. Actually there is little difference between the circumstances of this case and the matters passed upon and decided in the Wilson case, but we shall briefly relate some of the background.

The record reveals through defendant's affidavit and other instruments that on August 7, 1961, O'Dell undertook to sell a truck to defendant, which, as is now conceded, was nonexistent. According to defendant the deal was not to be consummated until he had examined and accepted the truck but, in any event, on that day, as a part of the contemplated transaction, the defendant signed an instrument identical in form to the instrument involved in the Wilson case, containing the note here in question in the sum of $15,125.04. O'Dell immediately endorsed and assigned the instrument to plaintiff. The warrant-of-attorney provision of the note, to which reference has been made, authorized any attorney to enter an appearance on behalf of defendant in any court, at any time after maturity, and confess judgment in favor of the holder for any amount due under the terms of said note. On September 5, 1962, default having occurred, plaintiff commenced an action against defendant to recover on the note. A few days thereafter and before answer date, plaintiff, proceeding in accordance with the provisions of §§ 1–309 to 1–312, inclusive, W.S.1957, presented to the trial court an instrument entitled "APPEARANCE AND COGNOVIT" to which the note here was attached, and confessed judgment for the sum of $13,444.48 principal, $1,243.20 interest, $500.00 attorney fees, and $9.30 costs. Judgment was thereupon entered for such amounts but was later amended to eliminate the amount of socalled delinquent interest.

Following this, defendant, pursuant to Rule 60(b), W.R.C.P., and in time, filed a motion to vacate the judgment on the ground that the note had been procured through fraud and misrepresentation by O'Dell, of which plaintiff had knowledge. Attached to the motion was the affidavit of defendant reciting details of the matters claimed, which in part have been related above, but later the motion was amended to include a proffered answer and defendant again requested that the judgment be vacated and the matter heard on the merits. The allegations of the answer incorporate the matters stated in defendant's affidavit and in substance alleged fraud in the inducement and signing of the instrument, a breach of faith in dealing with the instrument as a note and mortgage, failure of consideration, and alleged that plaintiff had knowledge of such matters before it acquired the note and before rendition of judgment. Plaintiff, in its resistance to the granting of the motion, did not in any way controvert the charges made by defendant but took the position that the reasons set forth in the motion were not grounds for vacating the judgment under Rule 60(b), W.R.C.P., and that the proposed answer failed to state a meritorious defense against plaintiff as a holder in due course.

Of necessity the contentions of plaintiff must be considered in reaching a decision upon the ultimate question presented of whether or not the court erred in denying defendant's motion. However, to avoid unnecessary repetition, some general discussion of the entire matter would appear to be in order.

In this state, unlike many jurisdictions, a confession of judgment under a warrant of attorney contained in a promissory note is not contrary to public policy. 30A Am.Jur., Judgments, § 171. Provisions of our former Negotiable Instruments Law (§ 13–291(2), W.S.1957) and the present Uniform Commercial Code (§§ 34–1–101 to 34–10–105, W.S.1957), at § 34–3–112(d), specifically provide that such a grant of authority after maturity does not affect negotiability of the instrument. See McDonald v. Mulkey, 32 Wyo. 144, 231 P. 662, 666–667. Further than this, § 1–312, W.S.1957, authorizes and prescribes a mode of procedure for the exercise of the power. The procedure was taken from Ohio, and with respect to a judgment taken in keeping therewith the supreme court of that state has said that it "is as potent in its operation as a judgment upon personal confession" authorizing a debtor with the consent of the creditor to appear in a court of competent jurisdiction and confess judgment. Bulkley v. Greene, 98 Ohio St. 55, 120 N.E. 216, 217. See also Hadden v. Rumsey Products, 2 Cir., 196 F.2d 92, 96.

But that is not to say that such judgment may not be questioned in a proper proceeding on equitable grounds the same as any other judgment. 3 Freeman on Judgments, § 1340, pp. 2759–2760 (5 Ed.), states the general rule rather clearly as follows:

"* * * Courts of law exercise an equitable jurisdiction over judgments entered by confession upon notes and warrants of attorney, and it is necessary to justice that they should liberally exercise that jurisdiction, and may therefore, on application of the defendant, vacate them and permit him to make a defense on the merits provided the proper showing of a meritorious defense is made. The application is addressed to the sound judicial discretion of the court in the exercise of its equitable powers, and its action is not subject to review except for an abuse. * * *"

See also 30A Am.Jur., Judgments, § 637, p. 609. A review of other authority on the question convinces that many states look upon such judgments with disfavor even though local practice permits such judgments to be taken. In Colorado, for example, upon motion and a prima facie showing of a meritorious defense, the trial court

has little discretion but to vacate the judgment and have the cause tried on the merits despite a counter showing. Prather v. District Court of Eighth Judicial District In and For Weld County, 137 Colo. 584, 328 P. 2d 111, 114; Ferguson v. Farmers' State Bank of Haxtun, 67 Colo. 184, 184 P. 370. Other courts have taken substantially the same view. Lake v. Cook, 15 Ill. 353, 356; Neboshek v. Berzani, 42 Ill.App.2d 220, 191 N.E.2d 411, 416; Ashby v. Manley, 191 Iowa 113, 181 N.W. 869, 872; Stankovich· v. Lehman, 230 Md. 426, 187 A.2d 309, 313; and Uebele v. Rosen, 2 Wis.2d 339, 86 N.W. 2d 439, 441.

■ We have not heretofore had occasion to pass upon the precise point, and although we do not accept defendant's suggestion that the judgment here was a default judgment we nevertheless recognize that proceedings to reopen or vacate either type of judgment are, to a great extent, controlled by the same considerations. Assmann v. Fleming, 8 Cir., 159 F.2d 332, 336; Neboshek v. Berzani, supra. Illustrative is the preference of courts to dispose of a case upon the merits. With respect to this we have long subscribed to the doctrine that judgments by default are not favored, and, although recognizing that a determination in the matter is ordinarily within the discretion of the trial court, our pronouncements in Lake v. Lake, 63 Wyo. 375, 182 P.2d 824, 834, are quite pertinent. It was there said:

"* * * Judgments by default are not favored. Courts prefer that cases be tried upon the merits. 'It is generally recognized that the discretionary power of the court should be liberally exercised in furtherance of justice, to the end that cases may be disposed of upon their merits rather than upon technicalities or fortuitous circumstances.' Freeman, supra, [1 Freeman on Judgments, p. 580 (5 Ed.)], Sec. 292. 31 Am.Jur. 265, Sec. 715. * * *"

In the Lake case, at 182 P.2d 833, it was said:

"* * * The discretion above mentioned is an impartial discretion, guided and controlled in its exercise by fixed legal principles; it is a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to defeat the end of substantial justice, and for a manifest abuse thereof it is reviewable by the appellate jurisdiction. * * *"

See also Eager v. Derowitsch, 68 Wyo. 251,. 232 P.2d 713. The philosophy underlying those decisions is simply that on occasion and under certain circumstances it becomes necessary in the interest of justice to modify or vacate a judgment taken as a result of mistake, unavoidable casualty, or misfortune preventing a party from prosecuting or defending an action. And this is true even though the trial court "had not exercised its discretion intemperately, arbitrarily, or in a manner palpably erroneous." Spriggs v. Goodrich, 74 Wyo. 185, 285 P.2d 1103, 1109,. rehearing denied 289 P.2d 648. A judgment taken pursuant to a warrant of attorney without notice to a debtor relying upon a claimed meritorious defense to an action upon the instrument in which such power is contained can be just as harsh, or perhaps more so, than a judgment by default. For such reason, and particularly in view of the convincing authority heretofore mentioned, we perceive no sound reason for declining to extend the scope of our views on default judgments to the judgment taken here, keeping in mind of course that an application for such relief must be accompanied by a sufficient showing of a meritorious defense.

■ That brings us to plaintiff's contention that defendant's proffered answer failed to set forth a meritorious defense. We do not agree. Our recent decision in Wilson Bros. Sand & Gravel Company v. Cheyenne National Bank, Wyo., 389 P.2d 681, in our view has determined such matter

adversely to the plaintiff. Other than the variance in the nature of the proceedings that resulted in the judgment entered, we find nothing in the circumstances of this case that would avoid the principles there enunciated. In fact, counsel for plaintiff concedes that factually the cases are not distinguishable. We there held that an issue tendered of the holder's knowledge of claimed defect in the title of the payee and endorser on the grounds of fraud in the inducement and execution of the note raised a genuine issue of material fact concerning the respective rights of the parties and presented a question for determination by the jury.

The answer here sufficiently tenders the same issue and in addition tenders an issue on breach of faith in dealing with the instrument as a note and mortgage, all of which goes to plaintiff's knowledge of a defect in the title of O'Dell. As a result of those allegations plaintiff had the burden of showing it was a holder in due course. Glendo State Bank v. Abbott, 30 Wyo. 98, 216 P. 700, 34 A.L.R. 294; Pennoyer v. Dubois State Bank, 35 Wyo. 319, 249 P. 795, 796. It will also be recalled that defendant alleged knowledge of the lack of consideration for the note on the part of plaintiff prior to taking. That, too, tendered an issue of fact. Acme Coal Co. v. Northrup Nat. Bank of Iola, Kan., 23 Wyo. 66, 146 P. 593, 594, L.R.A.1915D, 1084, Annotated Cases 1917B, 564. Here, also, defendant timely filed a demand for trial by jury. Under the circumstances, it is clear that the trial court was not warranted in refusing to accept defendant's answer as tendering issues of material facts in good faith and it erred when it determined as a matter of law that such defenses could not be sustained by further evidence. We realize, of course, that the trial court in reaching its decision did not have before it our decision in the Wilson case, and for such reason we do not wish to intimate that it exercised its discretion arbitrarily in disregard of the principles there established.

Nevertheless, concluding as we do that in the interest of justice a trial should be had on the merits of the case, we have no alternative but to correct the trial court's determination on this phase.

Lastly, we come to plaintiff's resistance to the motion on the ground that defendant failed to conform to the requirements of Rule 60(b), W.R.C.P., in that the reasons assigned do not fall into any specific category set forth in the several subdivisions of the rule. Counsel for plaintiff has not directly argued the matter and perhaps intended a waiver of the point. However, we think the resistance raised a procedural point of some importance and deserves brief discussion. Plaintiff's position was that it could not be charged with a fraud upon the court for obtaining the judgment under the warrant of attorney prior to answer date, and with that we are inclined to agree. However, the fact remains that defendant was misled in the time available for presenting a defense which we have heretofore held was meritorious, and under those circumstances we find no valid ground for holding that defendant did not bring his proceedings within the ambit of subdivision (1) for "Mistake, inadvertence, surprise, or excusable neglect." Our holdings in the cases cited above with respect to default judgments are all predicated on that basis. Further than this, we have always held prior to the rule that a district court during the same term had inherent power to vacate such a judgment in the exercise of a sound discretion. Lake v. Lake, supra; Eager v. Derowitsch, supra. It would be somewhat anomalous to say that Rule 60(b) has now provided an expedient method to accomplish that end by the filing of a motion within one year after judgment without regard to term, and not at the same time accord the privilege to a party imposed upon in similar circumstances by a judgment taken without notice under warrant of attorney.

Rule 60, W.R.C.P., is remedial and is to be liberally construed. As has been said, the express purpose of Rule 60(b) "is

to provide the courts with the means of relieving a party from the oppression of a final judgment or order, on a proper showing" where such judgments are "unfairly" or "mistakenly" entered. 35B C.J.S. Federal Civil Procedure § 1233, p. 664. Had the trial court been so inclined, there can be little doubt that it was here clothed with the power to grant defendant relief under the rule.

From what has been said, we are impelled to hold that the order appealed from must be reversed and the cause remanded with direction given to vacate the judgment entered in order that the issues raised by the complaint and the proffered answer of defendant may be tried upon the merits.

Reversed and remanded.