Maxine GIFFORD, d/b/a the Closet,
Appellant (Defendant),

v.

CASPER NEON SIGN CO., INC., a
Wyoming Corporation,
Appellee (Plaintiff).

No. 5325.

Supreme Court of Wyoming.

Oct. 17, 1980.

Bruce P. Badley and Michael K. Shoumaker of Badley, Rasmussen & Shoumaker, Sheridan, for appellant.

John Burk, of John Burk, P. C., Casper, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

This case comes to us upon direct appeal from a cognovit judgment, which, the appellant alleges, violates provisions of the Constitution of Wyoming and the United States Constitution. Appellee, in whose favor judgment was entered, counters with a two-stage argument: (1) Cognovit judgments are not, *per se*, unconstitutional; and (2) since no facts were developed in the trial court, the Wyoming Supreme Court may not decide whether, *under the particular facts of this case*, the cognovit judgment offends either the Wyoming Constitution or the Constitution of the United States. We accept appellee's argument and will affirm the trial court with respect to the facial validity of the cognovit judgment. The appeal also presents issues of unconscionability, the interpretation of our cognovit statutes and attorneys' fees, all of which we will discuss.

### FACIAL VALIDITY OF COGNOVIT JUDGMENTS

In this case, the appellant, Maxine Gifford, sole proprietor of a clothing store, signed an "Advertising Display Lease Agreement" with the Casper Neon Sign Company. The contract obligated her to lease a sign for five years, with monthly payments of $137.12, and called for the appellee company to furnish a sign during that period. The lease provided for acceleration of payments upon default by the lessee and contained the following cognovit provision:

> " . . . In the event of any breach of this Lease Agreement by him, Lessee and each of them, hereby authorize and empower any attorney at law to appear for them or any of them, before any court of

competent jurisdiction, whether or not said court is a court of record, within the State of Wyoming, or elsewhere and the Lessee, and each of them, thereby expressly waive the issuance and service of process and authorize any attorney at law duly admitted to practice before said court to confess judgment against them, or all or any of them, in favor of the Lessor, for the amount then unpaid, including attorneys fees and all other expenses therein provided for, and to release all error and waive all right and benefit of an appeal on behalf of the Lessee and to consent to the immediate issuance of execution . . . ."

This procedure was followed by the appellee, resulting in its obtaining a cognovit[1] judgment of $4,678.06 (which included $750.00 in attorneys' fees). Appellant Gifford did not learn of the judgment until after it was entered.

On appeal, Ms. Gifford argues that the obtaining of the judgment in this manner violated her rights under the Fourteenth Amendment of the United States Constitution and Sections 6 and 8 of Article 1 of the Wyoming Constitution.

Our decision in *Westring v. Cheyenne National Bank*, Wyo., 393 P.2d 119 (1964), is relevant to the question here raised, even though the issues in *Westring* were not cast in the constitutional mold. In *Westring*, at page 121, we said:

"In this state, unlike many jurisdictions, a confession of judgment under a warrant of attorney contained in a prom-

issory note is not contrary to public policy . . . ."

Appellant has not attempted to distinguish *Westring*, but it is to be noted that, in *Westring*, the warrant of attorney was contained in a promissory note, where, in this case, the warrant of attorney is contained in a lease agreement. We see no distinguishing significance in this fact—at least for any purpose with which we are concerned in this appeal.

In *Westring*, we made reference to § 1–312, W.S.1957 [now § 1–16–202, W.S. 1977], which authorizes and prescribes a mode of procedure for the sort of cognovit judgment obtained in *Westring* and here. The statute provides:

"An attorney who confesses judgment in any case, at the time of making the confession shall produce the warrant of attorney for making the same to the court. The original or a copy of the warrant shall be filed with the clerk of the court."

In *Westring*, we noted that the above statute was derived from Ohio law. In 1972, the United States Supreme Court decided *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). The first sentence of the opinion phrased the issue as follows:

"This case presents the issue of the constitutionality, under the Due Process Clause of the Fourteenth Amendment, of the cognovit note authorized by Ohio Rev. Code § 2323.13."

The first sentence of the cited Ohio statute is virtually identical to our § 1–16–202 re-

---

1. Some discussion of terminology is in order. We construe the contract clause reproduced, supra, to be a warrant of attorney authorizing the lessor, upon the lessee's default, to enter court and confess judgment against the lessee.

    Black's Law Dictionary 4th Ed.Rev. says of cognovit:

    "Defendant has confessed judgment and justice of claim, *Dyer v. Johnson*, Tex.Civ.App., 19 S.W.2d 421, 422. Written authority of debtor and his direction for entry of judgment against him. *Blott v. Blott*, 227 Iowa 1108, 290 N.W. 74, 76."

    Under this definition, it would appear proper to call the judgment appealed from ·a cognovit judgment. However, American Jurisprudence

2d is much more technical. After defining a "judgment by cognovit actionem" and a "judgment by confession relicta verificatione," the encyclopedia says:

"... A judgment by confession rendered on a written instrument in which judgment is confessed, or which contains a warrant of attorney to confess judgment, is sometimes referred to as a judgment d.s.b., or judgment debitum sine brevi ...." 47 Am.Jur.2d, Judgments, § 1098, p. 155.

We will use the term "cognovit judgment" to refer to the judgment appealed from in this case, rather than the lengthy term mentioned in Am.Jur.2d.

produced above. The Supreme Court concluded:

"Our holding necessarily means that a cognovit clause is not, *per se*, violative of Fourteenth Amendment due process . . . ." 405 U.S. at 187, 92 S.Ct. at 783. That holding, of course, rebuts any argument that the cognovit judgment in our case is, *per se*, violative of the Fourteenth Amendment.

Appellant also alleges that enforcement of cognovit judgments offends Sections 6 and 8 of Article 1 of the Wyoming Constitution. Article 1, Section 8, of the Wyoming Constitution provides:

"All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct."

In declining to hold cognovit judgments facially invalid, we are not leaving the cognovit–judgment defendant without a remedy. In *Westring*, supra, we specifically approved the use of a Rule 60(b), W.R.C.P., motion to reopen a cognovit judgment and held that the district court abused its discretion in denying such a motion where a meritorious defense had been tendered. Similarly, in *Overmyer*, supra, the cognovit defendant was given a post–judgment hearing and the Supreme Court noticed this hearing in justifying its refusal to invalidate the cognovit judgment against Overmyer, 405 U.S. at 188, 92 S.Ct. at 783. In declining to hold the judgment in this appeal facially invalid, we are, therefore, not denying appellant access to the courts.

Article 1, Section 6, of the Wyoming Constitution provides:

"No person shall be deprived of life, liberty or property without due process of law."

This provision, of course, tracks the due–process clause of the Fourteenth Amendment to the United States Constitution. We regard the United States Supreme Court's conclusion to the effect that the Ohio statutory scheme for cognovit judg-ments–from which ours is derived–does not, *per se*, offend the due–process clause of the Fourteenth Amendment, to be a persuasive argument that our statutory scheme does not, *per se*, offend Article 1, Section 6, of the Wyoming Constitution. *Overmyer*, supra.

### THE FACTS–OR LACK THEREOF–IN THIS PARTICULAR CASE

Appellant argues that in *Westring* –despite our statement that cognovit judgments are not against public policy–we, nevertheless, observed that public policy favors an adjudication on the merits and we reversed the district court's denial of a Rule 60(b), W.R.C.P., motion to reopen the case. Appellant also correctly points out that the Supreme Court's decision in *Overmyer* was premised on a number of circumstances peculiar to the *Overmyer* case. These include: (1) Overmyer was a giant corporation with operations in 30 states; (2) Overmyer was represented by counsel when it signed the contract with a cognovit provision; and (3) Overmyer's original contract did not contain a cognovit provision. There is no indication that Overmyer agreed to the cognovit provision under a "take it or leave it" threat; indeed, the cognovit provision arose only after a renegotiation of the original contract, in which Overmyer gained substantial benefits. The Supreme Court emphasized that Overmyer, in agreeing to include the cognovit provision in the contract, "voluntarily, intelligently, and knowingly waived the rights it otherwise possessed to prejudgment notice and hearing, and that it did so with full awareness of the legal consequences." 405 U.S. at 187, 92 S.Ct. at 783. The Supreme Court, in *Overmyer*, was careful to limit its holding to the facts of that case, and it would be fair to say that *Overmyer*, and its companion case of *Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972), are pregnant with the possibility that cognovit judgments under certain different circumstances offend the Fourteenth Amendment. In contrast to *Overmyer*, appellant Gifford offers us an affidavit, which was *not* made a part of the

record in the district court, in which she deposes and says that she has only a high school education and signed the Lease Agreement without any understanding of the cognovit provision.

We do not consider that appellant's affidavit is properly before us. Although we may, in certain extraordinary circumstances, exercise original jurisdiction, we are, in this case, exercising appellate jurisdiction, thus making Rule 1.04, W.R.A.P., applicable. It provides:

> "A judgment rendered or final order made by a district court may be reversed in whole or in part, vacated or modified by the Supreme Court *for errors appearing on the record*." (Emphasis supplied.)

■ Rule 4.01, W.R.A.P., sets out the composition of the record on appeal as follows:

> "*The original papers and exhibits filed in the district court*, the transcript of proceedings, if any, or any designated portion thereof, and a certified copy of the docket entries prepared by the clerk of the district court *shall constitute the record on appeal in all cases . . . .*" (Emphasis supplied.)

We thus agree with the appellee that the Wyoming Supreme Court, sitting in this case in its customary role as an appellate court, is not the proper forum in which to develop facts.

Rule 60(b), W.R.C.P., provides:

> "(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.*—On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within one (1) year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding as provided in sections 3–3801 [§ 1–16–401], 3–3805 [repealed, § 1, ch. 188, Laws 1977], and 3–3810 [§ 1–16–408], W.S.C.1945, or to grant relief to a party against whom a judgment or order has been rendered without other service than by publication as provided in section 3–3802 [§ 1–16–402], as amended. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

As in *Westring*, supra, this rule furnishes a vehicle for reopening a cognovit judgment in proper circumstances. A similar conclusion was recently reached by the Third Circuit Court of Appeals interpreting the virtually identical Rule 60(b), F.R.C.P. *Girard Trust Bank v. Martin*, 3 Cir., 557 F.2d 386 (1977).

■ In her reply brief, appellant Gifford recognizes the availability of a Rule 60(b) motion for these purposes[2], but argues that the making of such a motion is

---

**2.** Appellant argues that Rule 60(b), W.R.C.P., could not be used to attack the constitutionality of the cognovit judgment. This false conclusion flies in the face of *Westring*, supra. In *Westring* we held that a Rule 60(b) motion may be used to challenge a *cognovit* judgment, and many of the arguments we advance for that conclusion in *Westring* are precisely the same arguments which one would want to include in a constitutional attack on a cognovit judgment.

not mandatory before a direct appeal may be laid. In support of this contention, appellant argues that the making of a Rule 60(b) motion does not enlarge the time for an appeal, citing *Kennedy v. Kennedy*, Wyo., 483 P.2d 516, 518 (1977), and 11 Wright and Miller, Federal Practice and Procedure § 2871, pp. 257–259. Appellant is correct in these contentions, but she still does not speak to the requirement which says that, without the development of a factual record, the court is empowered to address only questions of law which, in this appeal, confines us to passing upon the facial validity of the cognovit judgment.

Appellant also argues that the sign company's tactics prevented her from developing facts in the trial court before the judgment was entered. This appears to be true. However, as we have pointed out in our discussion of *Westring*, supra, Rule 60(b) and *Westring* provide a vehicle for developing facts in the district court record following entry of a cognovit judgment.

## OTHER ISSUES

■ Appellant correctly calls our attention to the fact that the requirements of § 1–16–203, W.S.1977[3], have not been complied with. Even so, we find no evidence that that section of the statutes is germane to this action, i. e., there is no evidence or claim that appellant was in custody when she signed the lease agreement with the clause which we have reproduced above and which we construe to constitute a warrant of attorney.

Appellant cites *Grand Island and Northern Wyoming Railroad Company v. Baker, Treasurer, etc.*, 6 Wyo. 369, 45 P. 494 (1896), for the apparent proposition that a confession of judgment will be void unless there is strict compliance with the statutory requirement. We fail to see how this proposition helps the appellant.

■ Appellant also argues that the cognovit provision in the lease agreement was unconscionable. We view this argument in the same light that we view appellant's constitutional attacks on the cognovit judgment. Under our holding in *Westring* that cognovit judgments are not against public policy, we decline to hold that a contract providing for the possibility of a cognovit judgment is, *per se*, unconscionable. For lack of facts, we cannot reach the issue of whether or not the contract under the facts of this case was unconscionable.

■ The lease agreement also gave appellee the option of trying a suit under the contract in Natrona County. Appellant's store is in Sheridan. Appellant attacks this venue provision as unconscionable. Again, we decline to declare the provision facially unconscionable and have insufficient facts to determine whether under the facts of this case, the venue provision is unconscionable.

Appellant's final argument on appeal is that the award of attorneys' fees in the amount of $750.00 must be reversed for lack of evidentiary support. Appellant relies on *Greenough v. Prairie Dog Ranch, Inc.*, Wyo., 531 P.2d 499, 503–504 (1975). *Greenough* involved an appeal from that portion of a judgment which awarded attorneys' fees of $19,163.00, which amount was ten percent of the principal and interest due when a mortgage and certain security agreements were foreclosed. The claiming attorney in that case had submitted an affidavit stating that it was his belief that a ten percent fee was customary. Although there was an issue as to whether the affidavit was properly admitted into the record, we held that the affidavit would be insufficient to prove the reasonableness of the fee, even if it were considered part of the record. We stated, at 531 P.2d, page 504:

> "Absent any evidence from which it might be determined that this fee was reasonable for this case, the movant has failed to sustain his burden....."

---

3. This section provides:
   "A warrant of attorney executed by a person in custody to confess judgment in favor of the person at whose suit he is in custody is of no force unless executed in the presence of an attorney expressly named by the person in custody and signed by him as a witness."

Appellee counters with the argument that its original request for attorneys' fees was more than one–third higher so that the judge, in making the $750.00 award, must have considered the matter. Appellee then points out that the record reflects a certain amount of work and that execution on the judgment will be outside the county in which the judgment was entered. In *Greenough*, we did not view the record alone as sufficient evidence of reasonableness to support a judgment, and we do not do so here. There is insufficient evidence to support the award of attorneys' fees. If attorneys' fees are to be recovered, they must be proven, as must their reasonableness.

## CONCLUSIONS

With the exception of the award of attorneys' fees, the judgment appealed from is facially valid. The case is remanded to the district court for proof of attorneys' fees and the reasonableness thereof. We do not pass judgment on whether or not, under the particular facts of this case, the cognovit judgment and the venue in Natrona County are unconstitutional or unconscionable.

Affirmed in part, reversed in part, and remanded.

ROONEY, Justice, specially concurring.

I concur with the majority opinion, but note the enactment in 1971 of § 40–14–249, W.S.1977, subsequent to the decision in *Westring v. Cheyenne National Bank*, Wyo., 393 P.2d 119 (1964), which reads:

"A buyer or lessee may not authorize any person to confess judgment on a claim arising out of a consumer credit sale or consumer lease. An authorization in violation of this section is void."

Such may be an indication of the direction of public policy on the matter. However, the enactment is limited in application to consumer credit sales or consumer leases, and such sales and leases are only those made primarily for a personal, family household or agricultural purpose.

The legislature may now want to consider further limitations on cognovit judgments.